Argued and submitted July 22, 1992, appeal dismissed; "judgment order" on
cross-appeal vacated November 3, 1993

Willie LOVING,
*Appellant - Cross-Respondent,*

*v.*

PORTLAND POSTAL EMPLOYEES
CREDIT UNION,
*Respondent - Cross-Appellant.*

(9104-02426; CA A71990)

862 P2d 556

William Later argued the cause and filed the brief for appellant - cross-respondent.

Craig A. Nichols argued the cause and filed the brief for respondent - cross-appellant.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

■      Plaintiff appeals from a judgment entered on an arbitration award pursuant to ORS 36.425(3). After the judgment was entered, the court entered a document entitled "Judgment Order,"[1] which awarded plaintiff costs and attorney fees. Defendant cross-appeals from that order, claiming that the court should not have awarded fees or costs.

On our own motion,[2] we determine that the judgment is not appealable and dismiss the appeal. On cross-appeal, we determine that the trial court had no authority to enter the "judgment order" and vacate it.

Plaintiff sued defendant for breach of contract. Pursuant to ORS 36.405(1)(a),[3] the case was referred to arbitration. ORS 36.410(2) authorized the arbitrator to "grant any

---

[1] We remind the bench and bar that the phrase "judgment order" is inherently contradictory. For more than ten years, the "appellate courts of this state have repeatedly admonished trial courts to stop signing documents entitled 'judgment order.' " *State v. McDonnell*, 306 Or 579, 585 n 5, 761 P2d 921 (1988).

[2] After oral argument, we asked the parties to submit additional memoranda addressing these questions:

"Question No. 1. Neither party filed a notice of appeal and request for trial *de novo* within 20 days of the date of filing of the arbitrator's decision. *See* ORS 36.425(2)(a). On expiration of the time within which to file a notice of appeal and request for trial *de novo*, the trial court clerk entered a 'judgment of arbitration' that incorporated the arbitrator's award. *See* ORS 36.425(3). Is the judgment of arbitration appealable notwithstanding that portion of ORS 36.425(3) which declares that the judgment is a final judgment and may not be appealed? Identify the statutory basis for appellate jurisdiction if it exists.

"Question No. 2. (a) What authority exists for entry of the 'judgment order' awarding costs and attorney fees after entry of a judgment of arbitration pursuant to ORS 36.425(3)? (b) If the only authority for entry of a judgment for fees and costs after entry of a final judgment of arbitration under ORS 36.425(3) is UTCR 13.320, does UTCR 13.320 provide sufficient authority for that action in light of ORS 36.425(3)? (c) Is the 'judgment order' appealable in light of ORS 36.425(3)? *See* ORS 20.220 and ORS 19.010(2)(c)."

[3] ORS 36.405(1)(a) provides:

"(1) In a civil action in a circuit or district court having an arbitration program established under ORS 36.400, where all parties have appeared, the court shall refer the action to arbitration under ORS 36.400 to 36.425 if:

"(a) The only relief claimed is recovery of money or damages, and no party asserts a claim for money or general and special damages in an amount exceeding $25,000 in the circuit court, or in an amount exceeding $10,000 in the district court, exclusive of attorney fees, costs and disbursements and interest on judgment."

relief that could have been granted if the action were determined by a judge of the court." The potential relief included costs and attorney fees. ORS 20.096; UTCR 13.210(2). The arbitrator awarded plaintiff $200 in damages but denied his request for attorney fees and costs. Pursuant to UTCR 13.220, the award was filed in court on August 26, 1991.

On August 29, 1991, plaintiff filed a challenge under UTCR 13.230[4] to the arbitrator's denial of attorney fees and costs, and defendant opposed it. On September 17, 1991, 22 days after the filing of the award, the court sent a letter to the parties stating that it was allowing the challenge and directing plaintiff to submit a motion and affidavit regarding fees and costs pursuant to ORCP 68.

ORS 36.425 provides, in part:

"(2)(a)   Within 20 days after the filing of a decision and award with the clerk of the court * * *, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial de novo of the action in the court on all issues of law and fact. After the filing of the written notice a trial de novo of the action shall be held.

"* * * * *

"(3)   If a written notice is not filed under paragraph (a) of subsection (2) of this section within the 20 days prescribed, the clerk of the court shall enter the arbitration decision and award as a final judgment of the court, which shall have the

---

[4] UTCR 13.230 provides:

"Within seven days after the filing of a decision and award with the clerk of court under UTCR 13.220, a party may file with the clerk and serve on the parties a written challenge to award or denial of attorney fees and/or costs only. Such a challenge may be directed to the legal basis of the award or denial of attorney fees and/or costs, or the amount of such award, and shall specify the nature and basis of the challenge. Any party opposing such challenge shall have seven days to file with the clerk and serve on all parties a written response to the challenge. The presiding judge or designee shall determine such challenge and shall cause to be entered with the clerk a memorandum upholding or modifying the arbitrator's award. *Failure to determine the challenge within 20 days after the filing of decision and award with the clerk of court shall be deemed a denial of the challenge.* The filing of a challenge under this rule does not act to appeal the award as to any other issue, nor affect the finality of the award in any other respect." (Emphasis supplied.)

same force and effect as a final judgment of the court in the civil action *and may not be appealed.*" (Emphasis supplied.)

Neither party filed a timely notice of appeal and request for trial *de novo* under that statute.[5] On September 18, 1991, pursuant to ORS 36.425(3), the court entered a "judgment of arbitration" that incorporated the arbitration award filed on August 26, 1991.

On September 19, 1991, plaintiff filed a motion and affidavit regarding his attorney fees and a cost bill. Defendant filed objections. On September 28, 1991, the court notified the parties by letter that it awarded plaintiff $250 in attorney fees and $288 in costs and, on October 17, 1991, entered a "judgment order" for those amounts.

On October 17, 1991, plaintiff filed a notice of appeal in this court from the "judgment of arbitration."[6] On October 28, 1991, defendant filed a notice of cross-appeal from the "judgment order."

We first determine whether the "judgment of arbitration" is appealable. In a case referred to arbitration, the arbitrator is authorized to award any relief that could have been granted by a judgment of the court, ORS 36.410(2), including costs and attorney fees, subject to the court's authority under UTCR 13.230 to uphold or modify an arbitrator's award of costs or fees in response to a party's written challenge. If the court does not exercise that authority within 20 days after the filing of the award, the challenge is deemed denied. Unless a party files a timely notice of appeal and request for trial *de novo*, ORS 36.425(3) requires the clerk to enter the award as a final judgment of the court. That judgment "may not be appealed." ORS 36.425(3). Under those rules, plaintiff's challenge to the denial of fees and costs

---

[5] Defendant filed a notice of appeal and request for trial *de novo* on September 20, 1991. It was returned by the clerk because it was not filed within 20 days of the filing of the award. ORS 36.425(2)(a).

[6] Plaintiff attached the "judgment of arbitration" to the notice of appeal and claimed in the notice that the court erred in denying him attorney fees. He also made a claim "in the alternative" that the court erred in allowing $250 in attorney fees. If that was intended to appeal the "judgment order" allowing attorney fees, it was ineffective, because the notice did not include a copy of or otherwise identify that order as the action being appealed. *Zacker v. North Tillamook County Hospital Dist.*, 107 Or App 142, 811 P2d 647, *rev den* 312 Or 151 (1991).

was deemed denied under UTCR 13.230, and the award, including the denial of fees and costs, became a final, nonappealable judgment.

Our appellate jurisdiction is derived from statutes. *Ragnone v. Portland School District No. 1J*, 289 Or 339, 341, 613 P2d 1051 (1980). ORS 19.010(4) provides:

> "An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, *unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding.*" (Emphasis supplied.)

■   A civil action that is referred to arbitration under ORS 36.405(1)(a) is a special statutory proceeding under ORS 19.010(4). *See Peter Kiewit v. Port of Portland*, 291 Or 49, 63, 628 P2d 720 (1981). Because ORS 36.425(3) prohibits an appeal from a judgment entered on an arbitration award, we lack jurisdiction over plaintiff's appeal of the "judgment of arbitration."

■■   We next determine whether the "judgment order" is appealable. In a civil action, a post-judgment order allowing costs and attorney fees is appealable as a "final order affecting a substantial right, and made in a proceeding after judgment or decree." ORS 19.010(2)(c); *see* ORS 20.220(1). The "judgment order" meets that description and is appealable. Defendant contends that the court erred in entering it. We agree. The court had no authority to grant a request for attorney fees and costs after entry of a judgment under ORS 36.425(3) that, by operation of law, denied fees and costs and was final and not appealable.

Plaintiff argues that he is entitled to recover fees after entry of judgment under ORCP 68C(1), which provides, in part:

> "Notwithstanding Rule 1 A. and the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, this section governs the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees, except [under conditions not applicable here]."

We disagree. ORCP 68C(5)(a) provides:

"When all issues regarding attorney fees or costs and disbursements have been determined before a judgment pursuant to Rule 67 is entered, the court shall include any award or denial of attorney fees or costs and disbursements in that judgment."

Under that rule, the court was required to include the denial of attorney fees, costs and disbursements in the judgment, because those issues were determined by the arbitrator before judgment, and the court was bound by ORS 36.425(3) to enter that determination as its final judgment. Plaintiff also relies on ORCP 15D, UTCR 1.100 and UTCR 13.230, but we conclude that they do not authorize entry of the "judgment order" under these circumstances. We vacate that order.

Appeal dismissed; on cross-appeal, "judgment order" vacated.