On respondent's motion to dismiss appeal filed February 16, 1994, motion to dismiss denied March 15, 1995

In the Matter of the Estate of
James W. Amundson, Deceased.

Steven A. AMUNDSON,
*Respondent,*

*v.*

Joy J. BROOKSHIRE,
*Appellant.*

(93C-13321; CA A82915)

891 P2d 710

Ralph W. G. Wyckoff, Judge pro tempore.

Craig O. West and Ferguson, Hawkes & West for motion.

JoAnn K. Beck and Engle & Schmidtman, *contra.*

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

LANDAU, P. J.

.

**LANDAU, P. J.**

In this probate proceeding, petitioner Steven Amundson moves to dismiss the appeal on the ground that the order being appealed is not appealable under ORS 19.010. We deny the motion.

In the fall of 1993, James Amundson died. On November 12, 1993, Joy Brookshire filed a petition in Marion County Circuit Court seeking to probate James Amundson's estate.[1] On November 17, 1993, the probate court appointed Brookshire personal representative of the estate. On December 3, 1993, Steven Amundson filed a petition to remove Brookshire as personal representative and for other relief. The probate court allowed the petition and entered an order removing Brookshire as personal representative, requiring her to file an accounting and appointing Steven Amundson as personal representative.[2] Brookshire appeals that order. Steven Amundson moves to dismiss the appeal.

■ Citing *Samuels v. Hubbard*, 71 Or App 481, 692 P2d 700 (1984), *rev den* 299 Or 118 (1985), Brookshire contends that the order removing her as personal representative of the decedent's estate is appealable. We agree. In *Samuels*, the plaintiff filed an action against Hubbard alleging that Hubbard had committed various torts against the plaintiff through Hubbard's direction and control of the Church of Scientology of California, Inc., and Church of Scientology, Mission of Davis. Hubbard did not appear in the case to defend the action, but the Church of Scientology of California and the Church of Scientology, Mission of Davis, moved to intervene as defendants. The trial court denied those motions and the two churches appealed. We held that the order was appealable under ORS 19.010(2)(a),[3] because, the order in

---

[1] Brookshire states that she filed the petition under ORS 112.017(2), as a surviving spouse.

[2] The probate court apparently removed Brookshire as personal representative of the estate on the ground that she did not qualify as a surviving spouse within the meaning of ORS 112.017(2).

[3] ORS 19.010(2) provides, in part:

"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

effect determined the action as to the parties who were denied leave to intervene and prevented entry of a judgment as to them. *Samuels*, 71 Or App at 485.

■ The personal representative of an estate has broad powers in the administration of the estate. Therefore, a motion to remove a personal representative and to replace him or her affects the substantial rights of both the person serving as personal representative and the person who seeks to have the personal representative replaced.

Moreover, whether the motion to replace the personal representative is granted or denied, the person who loses the motion is thereafter excluded as a party, at least in his or her capacity as personal representative. Thus, an order replacing a personal representative effectively determines the proceeding as to that person and prevents entry of a judgment or decree as to that person in his or her capacity as personal representative. Consequently, the probate court's order in this case removing Brookshire as personal representative of the decedent's estate is appealable under ORS 19.010(2)(a).

Motion to dismiss denied.