On respondent's motion to dismiss appeal filed July 1, and appellant's opposition to
motion to dismiss appeal filed July 15, 1999, motion to dismiss denied
January 5, 2000

## Shauna DEACON,
*Respondent,*

*v.*

## Gary GILBERT
and Stephanie Gilbert,
*Defendants,*

*and*

## David WOODRUFF,
dba Woodruff Construction,
*Appellant.*

## (DCV986515; CA A106129)

995 P2d 557

R. Daniel Lindahl and John T. Kaempf for appellant.

Alan Gladstone and Abbott, Davis, Rothwell, Mullin & Earle, P.C. for respondent.

Before Haselton, Presiding Judge, and Armstrong and Brewer, Judges.

HASELTON, J.

## HASELTON, J.

Defendant[1] appeals a judgment entered on an arbitration award, challenging only the trial court's denial of defendant's exceptions to the arbitrator's award of attorney fees to plaintiff. Plaintiff moves to dismiss the appeal, asserting that, under ORS 36.425(3), defendant's failure to file a notice of appeal and request for trial *de novo* of the action pursuant to ORS 36.425(2)(a) precludes defendant from challenging the court's disposition with respect to attorney fees. Plaintiff relies particularly on *Loving v. Portland Postal Employees Credit Union*, 124 Or App 373, 862 P2d 556 (1993). We conclude that *Loving* is not controlling and, particularly, that ORS 36.425(6), which was enacted after *Loving*, contemplates appeal and review of the attorney fee disposition in these circumstances. Accordingly, we deny the motion to dismiss.

The material facts are undisputed. Following mandatory court-annexed arbitration, the arbitrator awarded plaintiff damages of $1,386 and attorney fees of $11,374. On February 18, 1999, plaintiff filed the arbitration award with the trial court pursuant to ORS 36.425(1). On February 24, defendant filed written exceptions directed solely to the attorney fee award pursuant to ORS 36.425(6). The trial court failed to enter a decision within 20 days on defendant's exceptions. Consequently, the fee award was affirmed, by operation of law, on March 16. *See* ORS 36.425(6). On March 26, the trial court entered judgment on the arbitration award. Defendant appealed from that judgment on April 23, 1999.

Plaintiff moves to dismiss the appeal, asserting that, because defendant did not seek a trial *de novo* of the entire arbitrator's award pursuant to ORS 36.425(2)(a)—but, instead, filed exceptions to the attorney fee award only—the court's March 26 judgment was final and nonappealable under ORS 36.425(3). Defendant counters that ORS 36.425(6) provides that, even if a party does not challenge the "merits" of the arbitration award, that party may, nevertheless, challenge an arbitrator's award or denial of attorney

---

[1] "Defendant" refers solely to defendant David Woodruff, the only appellant.

fees. Defendant further contends that, as a matter of statutory construction and practical necessity, ORS 36.425(6) qualifies the finality principle of ORS 36.425(3) and provides for appellate review of the trial court's disposition of timely exceptions to the arbitrator's award or denial of fees. Defendant reasons:

> "The result requested by plaintiff would mean that a party that has no desire, and, more importantly, no legitimate basis (in some cases) to appeal the entire arbitration award, including the liability and damages findings, would nonetheless be *required* to do just that in order to preserve for appeal to this court any objection to the arbitrator's attorney fee award. The result would be a trial in the circuit court concerning issues that neither party wanted reviewed. But if plaintiff's interpretation of ORS 36.425(3) and 36.425(6) is correct, a party such as defendant must file such an appeal in order to preserve his objection to the arbitrator's attorney fee award because if the party files exceptions to the attorney fee award (as permitted under ORS 36.425(6)), and does not receive a ruling within 20 days, then the party is left without any recourse whatsoever if the party has not also filed an appeal under ORS 36.425(3). Thus, plaintiff's interpretation of the statutes is a prescription for clogging circuit courts with appeals of the entire arbitration award where the only issue actually in dispute is the attorney fee decision." (Emphasis in original.)

We begin with the text of ORS 36.425. Three provisions are pertinent. First, ORS 36.425(2)(a) provides, in part:

> "Within 20 days after the filing of a decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial de novo of the action in the court on all issues of law and fact."

ORS 36.425(3) provides:

> "If a written notice is not filed under subsection (2)(a) of this section within the 20 days prescribed, the clerk of the court shall enter the arbitration decision and award as a final judgment of the court, which shall have the same force

and effect as a final judgment of the court in the civil action and may not be appealed."

Finally, ORS 36.425(6) provides, in part:

> "Within seven days after the filing of a decision and award under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. * * * If the judge fails to enter a decision on the award within 20 days after the filing of the exceptions, the award of attorney fees and costs shall be considered affirmed. The filing of exceptions under this subsection does not constitute an appeal under subsection (2) of this section and does not affect the finality of the award in any way other than as specifically provided in this subsection."

For reasons that will soon become apparent, we emphasize that ORS 36.425(6) was enacted in 1995[2]—12 years after the enactment of ORS 36.425(2) and (3)[3] and nearly two years after our holding in *Loving.* At the time we decided *Loving,* the text of the present subsection (6) was incorporated in a Uniform Trial Court Rule, UTCR 13.230.

In *Loving,* the arbitrator, following court-annexed arbitration, awarded the plaintiff $200 in damages on a breach of contract claim but denied the plaintiff's request for attorney fees. After the award was filed with the trial court, the plaintiff, pursuant to former UTCR 13.230 (which was substantially identical to the present ORS 36.425(6)), filed timely exceptions to the arbitrator's denial of fees. Twenty-two days after the award was filed, and 19 days after the filing of the exceptions, the court informed the parties that it was *allowing* the plaintiff's exceptions and directed the plaintiff to submit a motion and affidavit in support of fees pursuant to ORCP 68. Before the plaintiff could do so, however, the court entered a "judgment of arbitration" that incorporated the arbitrator's award in its entirety, including the *denial* of

---

[2] Or Laws 1995, ch 618, § 14a.

[3] Those provisions were initially codified as ORS 33.400. Or Laws 1983, ch 670, § 6.

fees. The court subsequently entered a "judgment order" *awarding* the plaintiff attorney fees. *Loving*, 124 Or App at 376.

The plaintiff appealed from the "judgment of arbitration," asserting that it erroneously adjudicated the fee issue. The defendant appealed from the subsequent "judgment order," contending that the original judgment was final and precluded any subsequent allowance of fees. The defendant also asserted that the plaintiff's appeal should be dismissed because the "judgment of arbitration" was final and nonappealable under ORS 36.425(3)—that is, because the plaintiff had not requested a trial *de novo* of the arbitrator's entire award pursuant to ORS 36.425(2)(a), the entire award (including the denial of fees) became final within 20 days of filing, and any appeal from the judgment embodying that award could not be appealed.

We allowed the defendant's motion to dismiss the plaintiff's appeal from the "judgment of arbitration." In so holding, we concluded:

> "In a case referred to arbitration, the arbitrator is authorized to award any relief that could have been granted by a judgment of the court, ORS 36.410(2), including costs and attorney fees, subject to the court's authority under UTCR 13.230 to uphold or modify an arbitrator's award of costs or fees in response to a party's written challenge. If the court does not exercise that authority within 20 days after the filing of the award, the challenge is deemed denied. Unless a party files a timely notice of appeal and request for trial *de novo*, ORS 36.425(3) requires the clerk to enter the award as a final judgment of the court. That judgment 'may not be appealed.' ORS 36.425(3). Under those rules, plaintiff's challenge to the denial of fees and costs was deemed denied under UTCR 13.230, and the award, including the denial of fees and costs, became a final, nonappealable judgment." 124 Or App at 377-78.[4]

Here, plaintiff, not surprisingly, invokes *Loving* as controlling. We disagree, for two related reasons. First, there

---

[1] We further concluded that the trial court erred in entering the subsequent "judgment order" because "[t]he court had no authority to grant a request for attorney fees and costs after entry of a judgment under ORS 36.425(3) that, by operation of law, denied fees and costs and was final and not appealable." 124 Or App at 378.

has been a material change in the statute: when we decided *Loving*, ORS 36.425 did not include subsection (6). Second, although in *Loving* we parenthetically referred to then-UTCR 13.230, we did not focus on the content of that rule or its relationship to ORS 36.425(2)(a) and (3). That was proper because the rule had not been codified at that time. *See generally* ORS 1.002(1)(a) (describing Chief Justice's authority to promulgate the UTCRs). Now, however, subsection (6) *is* part of the statute, and its application must be squarely addressed.

As we concluded in *Loving*, subsections (2)(a) and (3), if read in isolation, would compel the dismissal of this appeal. We conclude, however, that the subsequent enactment of subsection (6), with its particular prescription for review of attorney fee dispositions, prevents us from reading subsections (2)(a) and (3) in isolation and alters the result when the only issue on appeal is the propriety of the trial court's allowance or denial of exceptions taken pursuant to subsection (6).

We return to the statutory text. At first blush, subsections (2)(a) and (3) and subsection (6) are in irreconcilable conflict. The former provide that if a party does not request a trial *de novo* on "all issues of law and fact" within 20 days of the filing of the award, the award shall become final. Conversely, subsection (6) provides that a party may file exceptions to the arbitrator's fee disposition within seven days of the filing of the award, and if the court fails to enter a decision on that matter within 20 days "after the filing of the exceptions"—*i.e.*, up to 27 days after the filing of the award then the exceptions will be deemed denied. Thus, if subsection (2)(a) and (3) are taken at face value, the award becomes final on the 20th day after filing—while seven days may still remain on the subsection (6) decisional/finality "clock."

When faced with such a "conflict," our obligation is to give effect, if possible, to each part of the statute. ORS 174.010; *see Dept. of Human Resources v. Trost*, 160 Or App 656, 662 n 5, 983 P2d 549 (1999) (explaining and applying principle). The key to resolving the ostensible conflict here lies, textually, in the final sentence—and, particularly, in the final phrase—of subsection (6):

"The filing of exceptions under this subsection does not constitute an appeal under subsection (2) of this section *and does not affect the finality of the award in any way other than as specifically provided in this subsection.*" (Emphasis added.)

That sentence carves out an exception to the automatic finality principle of subsections (2)(a) and (3): Where no request for an omnibus trial *de novo* has been filed, but a party has filed timely exceptions to the arbitrator's attorney fee disposition, the arbitrator's award becomes final on the 20th day after filing with respect to all matters *except for those attorney fee matters "preserved" by virtue of the subsection (6) exceptions*. The judgment entered on the award is, congruently, final and nonappealable by virtue of subsection (3). Conversely, if exceptions are taken under subsection (6), then the attorney fee issues are not rendered final and nonappealable 20 days after the filing of the award.

Thus, for example, if a person filed exceptions pursuant to subsection (6) five days after the filing of the award, then the court would have up to the 20th day to decide those exceptions; otherwise, they would be deemed denied on the 25th day. Upon subsequent entry of judgment embodying the trial court's disposition of exceptions pursuant to subsection (6), a party can appeal, with the appeal being limited solely to the court's disposition of the exceptions.

In sum, with the enactment of subsection (6), ORS 36.425 describes two distinct schemes or "tracks" of finality and appealability: one for challenges to the arbitrator's entire award, including the substantive merits of that award, ORS 36.425(2)(a); and the other for attorney-fee related challenges only, ORS 36.425(6). Given the statute's historical evolution and the contextual reconciliation of subsections (2)(a) and (6), subsection (3) pertains to the former but not to the latter.

We note, finally, that our construction of ORS 36.425 not only effectively harmonizes subsections (2)(a), (3), and (6) by giving meaning to each provision, but also comports with practical reality and the overarching statutory policy of promoting efficient dispute resolution. *See generally* Christopher Simoni, *Court-Annexed Arbitration in Oregon: One Step*

*Forward and Two Steps Back*, 22 Willamette L Rev 237 (1986).[5] As defendant points out, it makes no sense to require a party who wishes only to dispute attorney fees to litigate a full-dress trial *de novo* on the merits in order to obtain appealable review of a fee dispute. That incongruity—indeed, absurdity—is heightened where the party seeking review of the arbitrator's attorney fee disposition prevailed on the merits of the arbitration. ORS 36.425(6), properly construed and applied, avoids such incongruous results.

Motion to dismiss denied.

---

[5] Our research of the legislative history of the 1995 amendments to the arbitration statutes reveals that the archived history does not refer particularly to ORS 36.425(6).