Argued and submitted September 30, appeal dismissed November 13, 2002,
petition for review denied March 25, 2003 (335 Or 266)

Terry CESSNA,
*Respondent,*

*v.*

CHU-R & T, INC.,
dba The Gold Coin Restaurant and Lounge,
*Appellant.*

0002-01682; A114205

57 P3d 936

Todd S. Baran argued the cause for appellant. With him on the briefs were Charles T. Smith and Mitchell, Lang & Smith.

D. Eric Woodard argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Linder, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals from the trial court's denial of its motion to dismiss plaintiff's notice of appeal and request for a trial *de novo* following court-annexed arbitration, ORS 36.425(2)(a), and from the trial court's denial of defendant's concurrent request that the court direct the clerk of the court to enter the arbitrator's decision and award as a judgment pursuant to ORS 36.425(3). Defendant argues that the trial court erred in concluding that ORCP 10 C operated to extend the 20-day limitation under ORS 36.425(2)(a) for filing a notice of appeal and request for trial *de novo* following the filing of the arbitration decision and award. We dismiss the appeal for lack of jurisdiction.

The pertinent procedural facts are undisputed. In February 2000, plaintiff filed an action against defendant for negligence, and the matter was subsequently referred to court-annexed arbitration. The arbitration hearing occurred on January 12, 2001. On January 25, 2001, the arbitrator mailed his decision and award to the clerk of the circuit court, along with proof of service of that decision and award on both parties. *See* ORS 36.425(1).[1] On January 26, 2001, the clerk of the court received the arbitrator's submission, and the decision and award was filed on that date. Also on January 26, plaintiff received his service copy of the decision and award.

On February 16, 2001—21 days after the filing of the arbitration award with the clerk of the court—plaintiff filed his notice of appeal and request for trial *de novo* of the action. Defendant subsequently moved to dismiss the notice of appeal and request for trial *de novo* as untimely under ORS 36.425(2)(a), which provides, in part:

"Within 20 days after the filing of a decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision

---

[1] ORS 36.425(1) provides, in part:

"At the conclusion of arbitration under ORS 36.400 to 36.425 of a civil action, the arbitrator shall file the decision and award with the clerk of the court that referred the action to arbitration, together with proof of service of a copy of the decision and award upon each party."

and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial de novo of the action in the court on all issues of law and fact."

Defendant concurrently requested that the trial court direct the clerk to enter the arbitrator's decision and award as a final judgment pursuant to ORS 36.425(3) because plaintiff had failed to file his notice of appeal and request for trial *de novo* within 20 days of the filing of the arbitration decision and award. ORS 36.425(3) provides:

"If a written notice is not filed under subsection (2)(a) of this section within the 20 days prescribed, the clerk of the court shall enter the arbitration decision and award as a final judgment of the court, which shall have the same force and effect as a final judgment of the court in the civil action and may not be appealed."

Plaintiff responded by contending that, because the arbitrator had mailed the service copies of the arbitration decision and award to the parties, the 20-day limitation of ORS 36.425(2)(a) and (3) was supplemented and extended by operation of the "three-day mailing rule" of ORCP 10 C, which provides:

"Except for service of summons, whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served by mail, 3 days shall be added to the prescribed period."

Thus, plaintiff reasoned, he had up to 23 days to file his notice of appeal and request for trial *de novo* and, because he had filed on the twenty-first day, that filing was timely. Defendant countered that ORCP 10 C was inapposite because

"ORCP 10 C * * * applies only to time periods which begin to run from the date of *service* of a document. The twenty-day time period to file a Request for Trial De Novo after an arbitration, however, begins to run from the date the award is filed (not from the date the award is served)."[2]

---

[2] In support of that position, defendant cited *Green Seasons Turf v. Shiva's Restaurant Corp.*, 125 Or App 227, 230, 864 P2d 1345 (1993) (affirming denial of

(Emphasis in original.)

The trial court denied defendant's motion to dismiss, concluding that ORCP 10 C applied and, in this case, extended the 20-day limitation of ORS 36.425(2)(a). In so ruling, the trial court implicitly, but necessarily, also denied defendant's concomitant request that the clerk be directed to enter the arbitration decision and award as a final judgment pursuant to ORS 36.425(3).

Before the matter proceeded to trial *de novo*, defendant appealed from the trial court's order. From the record before us, it appears that there have been no subsequent proceedings in the trial court—that is, that this appeal is, effectively, in an interlocutory posture. Given that posture, this court *sua sponte* raised the question of appellate jurisdiction and ordered defendant, as appellant, to show cause why the appeal should not be dismissed. Defendant responded with a comprehensive memorandum, in which it contended, in part, that the trial court's order was appealable under ORS 19.205(2)(a) as an order "which in effect determines the action or suit so as to prevent a judgment or decree therein."[3] In an order dated September 5, 2001, this court, by order of the Chief Judge, determined that the order was appealable under ORS 19.205(2)(a).

On appeal, defendant reiterates its argument that ORCP 10 C is inapposite because the limitation period of ORS 36.425(2)(a) is triggered by the *filing* of the arbitration decision and award, while ORCP 10 C pertains to, and is triggered by, "*service* of a notice or other paper." (Emphasis

motion for relief from judgment entered on arbitration award, noting that movants received notice of the award and "could have inquired of the clerk regarding the filing date"); *Old Republic Surety Co. v. McIlwain*, 115 Or App 615, 618, 839 P2d 743 (1992) (reversing order setting aside judgment entered on arbitration award; movants' counsel's alleged nonreceipt of service copy of arbitration award was inadequate basis for claim of excusable neglect: "Although defendants may not have received a copy of the award, there is no indication that they were misled as to the date when the award was filed. They knew of the arbitrator's decision and could have inquired of the court clerk regarding the filing date.").

[3] Defendant offered two other, alternative bases for appellate jurisdiction: (1) the trial court's order was "void" and, as such, was appealable; and (2) the order was appealable as a "final order affecting a substantial right, and made in a proceeding after judgment or decree," ORS 19.205(2)(c). We address those alternative contentions below. *See* 185 Or App at 51.

added.) That is, the time period for filing a notice of appeal and request for trial *de novo* under ORS 36.425(2)(a) is explicitly measured against when the arbitrator's decision and award is filed, and not against when the decision and award is served. In that respect, defendant asserts that the requirements of ORS 36.425(2)(a) are analogous to the timing requirements for filing a notice of appeal to this court, which, generally, are predicated upon the date of *entry* of the appealable disposition, without reference to service. *See, e.g.,* ORS 19.255(1); ORS 19.255(2)(a).[4]

■     We do not reach the merits of defendant's arguments because we conclude that the court's order was not appealable under ORS 19.205(2)(a) or otherwise. Although this court previously determined that there was appellate jurisdiction, we are free to revisit and reconsider that determination. *See State ex rel SOSCF v. Williams,* 168 Or App 538, 541 n 3, 7 P3d 655 (2000), *rev dismissed,* 333 Or 596 (2002); *State ex rel Juv. Dept. v. Black,* 101 Or App 626, 628 n 1, 792 P2d 1225 (1990). *See generally* ORAP 7.15(3). On reconsideration, we conclude that the trial court's order was not "an order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein," ORS 19.205(2)(a), and we further reject defendant's alternative jurisdictional arguments that were not addressed in this court's original jurisdictional determination.

■     We begin with whether the trial court's order satisfies the requirements of ORS 19.205(2)(a). Defendant argues

---

[4] Defendant makes two additional, related arguments on appeal: First, the provisions of ORCP 10 are not applicable to arbitration because chapter 13 of the Uniform Trial Court Rules, which governs court-annexed arbitration, does not explicitly incorporate ORCP 10. *See* UTCR 13.040(2) ("After a case is assigned to an arbitrator, these arbitration rules apply except where an arbitration rule states that a Rule of Civil Procedure applies."). Second, in all events, ORS 36.425 is not an "applicable statute" within the meaning of ORCP 10 A, which specifies that the provisions of ORCP 10 apply only "[i]n computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute."

Given our jurisdictional disposition, we need not, and do not, address either the preservation or the merits of those contentions. *See generally State v. Smith,* 184 Or App 118, 55 P3d 553 (2002) (discussing requirements of preservation of error in statutory construction context).

that court-annexed arbitration is a "special statutory proceeding," *see Loving v. Portland Postal Employees Credit Union*, 124 Or App 373, 378, 862 P2d 556 (1993),[5] and that the court's allowance of trial *de novo* and concomitant rejection of the request for entry of judgment had the effect of determining the action so as to preclude entry of judgment based on the result of that "special proceeding." That is, although defendant acknowledges that *some* judgment will be entered in the case at the conclusion of the trial *de novo*, it will not, and cannot, be a judgment generated as a result of the arbitration proceeding. Thus, defendant contends, "the order on appeal may not prevent a judgment in an 'action or suit,' but it did prevent a judgment in a special statutory proceeding."

In addressing defendant's argument, it is useful to briefly review a representative cross-section of cases applying ORS 19.205(2)(a). Although none of those cases is closely analogous—and, indeed, the case law is somewhat sparse—they do yield a few instructive principles.

*Gillespie v. Kononen*, 310 Or 272, 797 P2d 361 (1990), and *Stanwood v. Multnomah County*, 135 Or App 58, 898 P2d 196 (1995), represent perhaps the clearest, or most direct, applications of ORS 19.205(2)(a). In *Gillespie*, the Supreme Court determined that, where the trial court entered an order refusing to enter a judgment, that order was appealable under *former* ORS 19.010(2)(a), the identical antecedent of ORS 19.205(2)(a).[6] The Supreme Court's holding was explicitly based on its determination that, in context, "the trial judge intends *never* to enter a judgment." *Gillespie*, 310 Or at 277 (emphasis in original). In *Stanwood*, we held that a court order denying an allegedly indigent plaintiff's motion for a fee waiver or deferral was appealable under *former* ORS 19.010(2)(a) because that order "closed the courthouse door":

---

[5] In *Deacon v. Gilbert*, 164 Or App 724, 995 P2d 557 (2000), we revisited and overruled other aspects of *Loving* in the light of subsequent statutory changes.

[6] *Former* ORS 19.010(2)(a), *renumbered as* ORS 19.205(2)(a) (1997). Or Laws 1997, ch 389, § 24.

"Without the fee waiver, plaintiff is unable to pursue his claim in court. Additionally, the order prevents the trial court from considering the merits of plaintiff's claim and from rendering a judgment."

*Stanwood*, 135 Or App at 60. Thus, *Gillespie* and *Stanwood*, though factually quite different, both indicate that, where an order completely precludes the entry of *any* judgment, the order is appealable under ORS 19.205(2)(a).

■    At least two cases from our court, *Samuels v. Hubbard*, 71 Or App 481, 692 P2d 700 (1984), *rev den*, 299 Or 118 (1985), and *Amundson v. Brookshire*, 133 Or App 450, 891 P2d 710 (1995), have applied ORS 19.205(2)(a) or its antecedent to orders that do not completely preclude entry of *any* judgment but that do, in effect, preclude entry of judgment as to a putative party or a dismissed party. In *Samuels*, we held that an order denying a motion to intervene pursuant to ORCP 33 B or ORCP 33 C was appealable under *former* ORS 19.010(2)(a). In so holding, we concluded that "a decision to deny a motion to intervene affects a substantial right of the intervenor and, as a practical matter, determines the action so as to prevent a judgment in that action *on the intervenor's claim or defense*." 71 Or App at 481 (emphasis added). In *Amundson*, we held that an order removing a personal representative in a probate proceeding and appointing a substitute personal representative was appealable under *former* ORS 19.010(2)(a). In so holding, we invoked *Samuels* by analogy and concluded:

"The personal representative of an estate has broad powers in the administration of the estate. Therefore, a motion to remove a personal representative and to replace him or her affects the substantial rights of both the person serving as personal representative and the person who seeks to have the personal representative replaced.

"Moreover, whether the motion to replace the personal representative is granted or denied, the person who loses the motion is thereafter excluded as a party, at least in his or her capacity as personal representative. Thus, an order replacing a personal representative effectively determines the proceeding *as to that person* and prevents entry of a judgment or decree *as to that person in his or her capacity as personal representative*."

*Amundson*, 133 Or App at 453 (emphasis added). It thus appears that, to be appealable under ORS 19.205(2)(a), an order need not completely preclude the entry of *any* judgment—but may, instead, completely preclude the entry of judgment as to a particular party.

Finally, and of particular pertinence, we and the Supreme Court decided three cases addressing the appealability under *former* ORS 19.010(2)(a) of orders relating to arbitration under ORS chapter 36. *See Peter Kiewit v. Port of Portland*, 291 Or 49, 628 P2d 720 (1981); *Jackson v. Penny Duquette Knits*, 276 Or 465, 555 P2d 201 (1976); *Budget Rent-A-Car v. Todd Investment Co.*, 43 Or App 519, 603 P2d 1199 (1979). Each of those cases involved contractual arbitration provisions; none concerned court-annexed arbitration under ORS 36.400 to 36.425.

In *Jackson*, the court held that an order abating a civil action for breach of contract and directing the parties to proceed with arbitration was not appealable:

> "An order staying an action while arbitration proceeds does not determine the action so as to prevent a judgment therein. ORS 19.010(2)(a). The arbitration statutes provide for entry of judgment upon the arbitration award, and for judicial review of the award if it is contested. * * * Review of the order of abatement must await the appeal authorized [under the arbitration statutes]."

276 Or at 468-69 (citations omitted).

In *Budget Rent-A-Car*, we held that, where the parties had contractually agreed to a "limited arbitration" for the sole purpose of appraising the value of certain improvements and personal property, the trial court's orders *denying* a stay of the underlying action pending arbitration were not independently appealable. There, the appellant defendant did not appeal from the trial court's orders within 30 days but, instead, waited until the conclusion of the action and entry of final judgment to appeal and assign error to the earlier orders. On appeal, the respondent argued that the appellant's challenge was untimely because the earlier orders were immediately appealable under *former* ORS 19.010(2)(a). We rejected that argument, noting that "[t]he trial court's orders, which precluded appraisal and not judicial action, did not

prevent entry of a judgment." 43 Or App at 521. In that context, we further observed that, under *Jackson*, "even an order staying judicial action and requiring arbitration—the reverse of the situation here," was not appealable under *former* ORS 19.010(2)(a). *Id.*

Finally, in *Peter Kiewit*, the Supreme Court, adhering to *Jackson*'s reasoning, concluded that an order compelling the parties to proceed with contractual arbitration was not appealable. After noting that "proceedings under the Oregon arbitration statute are * * * 'special proceedings' " within the meaning of *former* ORS 19.010(4),[7] *Peter Kiewit*, 291 Or at 63, the court concluded that the order compelling arbitration did not *prevent* entry of judgment because arbitration was merely a precursor to the entry of judgment on the arbitration award, subject to the statutory procedures for taking exception to the arbitration award. *Id.* at 62-63.

In sum, *Jackson* and *Peter Kiewit* hold that orders staying civil actions pending contractual arbitration or compelling contractual arbitration are not appealable under ORS 19.205(2)(a). That is so despite the fact that the compelled diversion to arbitration could, at least in an interim sense, preclude litigation and concomitant entry of judgment in a civil action.[8] Conversely, in *Budget Rent-A-Car*, we held—albeit in factually narrow circumstances—that an order refusing to submit a matter to arbitration is also not appealable. Indeed, *Budget Rent-A-Car* appears to be most broadly analogous to this case in that there we held that an order that *completely* precluded the "limited arbitration"/appraisal

---

[7] *Former* ORS 19.010(4), *renumbered as* ORS 19.205(4) (1997). Or Laws 1997, ch 389, § 24. That subsection provides:

"An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a summary judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceedings."

[8] A party who has preserved objections to the arbitrability of dispute can take an exception to the arbitration award on the ground that the arbitrator exceeded his or her authority. ORS 36.355(1)(d). If the circuit court allows that exception, the arbitration award may be vacated and the civil action may ultimately be litigated to judgment. ORS 36.360. If the trial court denies that exception, the objecting party may raise the matter on appeal, ORS 36.365—which, again, could ultimately result in the civil action proceeding to trial and judgment. *See generally Peter Kiewit*, 291 Or at 62.

process was not appealable—while here, the issue is whether an order that, at least for some interlocutory period, precludes entry of judgment on the arbitration award is independently appealable.

We return then to this case. Defendant's reliance on ORS 19.205(2)(a) rests on two related premises. *First*, court-annexed arbitration under ORS 36.400 to 36.425 is a "special statutory proceeding" that is qualitatively distinct from the underlying civil action. *Second*, because of the "special" nature of arbitration, the entry of judgment on the arbitrator's decision and award is qualitatively different from any judgment that could be entered after trial—and, thus, notwithstanding that a judgment will be entered after trial *de novo*, the court's order "prevents" the entry of that unique judgment. We examine those premises, in turn.

Defendant is correct that, in *Peter Kiewit*, the Supreme Court characterized arbitration pursuant to statute as a "special statutory proceeding" within the meaning of ORS 19.205(4),[9] 291 Or at 63, and that in *Loving* we specifically so characterized court-annexed arbitration, *see Loving*, 124 Or App at 378. However, we do not understand those general references, in *Loving* particularly, to suggest that court-annexed arbitration is so qualitatively divorced from the predicate civil action that an order denying a motion to dismiss a request for trial *de novo* can be deemed to "prevent a judgment" in the "action or suit."

■      Here, the "action or suit" is the underlying civil action for negligence. *See* ORS 36.405(1) ("In a civil action in a circuit court where all parties have appeared, the court shall refer *the action* to arbitration." (emphasis added)). *See also* ORS 36.425(1) (arbitrator's decision and award shall be filed with the clerk of the court "that referred *the action* to arbitration" (emphasis added)). The provisions of UTCR chapter 13 governing court-annexed arbitration confirm that the "action" in court-annexed arbitration and the "action" that is the subject of the trial *de novo* are the same. *See, e.g.*, UTCR 13.040(1) ("A case filed in the circuit court remains

---

[9] *See* 185 Or App at 48 n 7.

under the jurisdiction of that court in all phases of the proceeding, including arbitration."); UTCR 2.10(4) (arbitrator's award "must contain the caption of the case"); UTCR 13.280 ("Every case assigned to arbitration shall maintain its approximate position on the civil trial docket as if the case had not been assigned to arbitration."). In sum, regardless of the status of court-annexed arbitration as a "special statutory proceeding," there is only one "action" for purposes of ORS 19.205(2)(a).

Here, the trial court's order clearly did not preclude the possibility of *any* judgment in the action. Indeed, that order makes possible the entry of judgment following the trial *de novo.* Thus, defendant's reliance on ORS 19.205(2)(a) depends on the assumption that, even if a trial court's order permits the entry of *some* judgment at *some* time, it is nevertheless appealable if it operates to prevent the entry of a particular judgment at a particular time.

■■ That reading does not comport with the language of ORS 19.205(2)(a) or with appellate jurisdictional precedent. The statute speaks broadly of an order "which in effect determines the action or suit so as to prevent a judgment or decree therein." Nothing in that language suggests that the preclusion of a particular result is sufficient to give rise to appellate jurisdiction.[10] Moreover, if defendant's construction were correct, dispositions that we have repeatedly held are not appealable would be rendered appealable. For example, an order denying a motion for summary judgment is not appealable, *see, e.g., Mt. Fir Lumber Co. v. Temple Dist. Co.*, 70 Or App 192, 194 n 1, 688 P2d 1378 (1984)—and yet, under defendant's approach, because such orders effectively preclude the entry of judgment in the movant's favor *at that time*, they would be appealable under ORS 19.205(2)(a). We acknowledge that a trial court's denial of such a motion, if erroneous, can, as defendant complains, subject a party to additional process and expense. The same can be true of an order that erroneously abates a civil action pending arbitration, *see*

---

[10] *Compare Gillespie* and *Stanwood* (orders that completely preclude entry of any judgment are appealable under ORS 19.205(2)(a)), *with Samuels* and *Amundson* (orders that preclude possibility of any judgment with respect to party or putative parties are appealable under ORS 19.205(2)(a)).

*Jackson*, that erroneously compels arbitration, *see Peter Kiewit*, or that erroneously refuses to refer a matter to arbitration, *see Budget Rent-A-Car*. But that does not render such orders appealable. In each instance, the complaining party is required to await the entry of judgment and then assign error to the allegedly erroneous interlocutory ruling.[11]

The same is true here. After entry of judgment following the trial *de novo*, defendant can appeal, assigning error to the trial court's denial. of its motion. If successful, such an appeal could result in the vacation of the judgment based on the trial *de novo* and entry of judgment based on the arbitrator's award. We thus conclude that the trial court's order is not appealable under ORS 19.205(2)(a).

■ We proceed, finally, to defendant's two alternative arguments in support of appellate jurisdiction. First, defendant asserts that the challenged order is appealable as a "final order affecting a substantial right, and made in a proceeding after judgment or decree." ORS 19.205(2)(c). That argument fails because no "judgment or decree" has ever been entered in this case. Indeed, that is the essence of defendant's challenge to the trial court's ruling—*viz.*, that judgment should have been entered under ORS 36.425(3) but was not.

■ Second, defendant asserts that the order was independently appealable because the order was "void." The exact nature of that argument is somewhat unclear, but the thrust of defendant's reasoning seems to be that (1) under ORS 36.425(3), the arbitrator's decision and award became "final" by operation of law after the passage of 20 days; and (2) because of that "finality," any order that compelled further litigation (or, in defendant's view, "relitigation") of the dispute was void. Defendant further relies on the extension of some authority[12] that "void" orders are appealable at any time, regardless of the limitations of ORS chapter 19.

---

[11] Indeed, in some instances, even then the allegedly erroneous ruling is not reviewable on appeal. *See, e.g., Payless Drugstores v. Brown*, 300 Or 243, 246-48, 708 P2d 1143 (1985) (order denying summary judgment is not reviewable in context of appeal from final judgment unless the issue before the trial court on summary judgment was purely a question of law).

[12] *See, e.g., Henry and Henry*, 301 Or 185, 190-91, 721 P2d 430 (1986); *Salem King's Products Co. v. LaFollette*, 100 Or 11, 19, 196 P 416 (1921); *Matlock v. Matlock*, 87 Or 307, 310, 170 P 528 (1918).

We do not address the correctness of defendant's assertion that a "void" interlocutory order is immediately and independently appealable, because defendant's position rests on a false first premise: The disputed order was not "void." The arbitrator's decision and award had not automatically become final after 20 days—much less so as to divest the court of jurisdiction. Rather, as noted, an arbitrator's decision and award has no final adjudicatory effect under ORS 36.425(3) until it is *entered* by the clerk of the court. That did not occur here. In all events, to the extent that defendant is asserting that the trial court's order did not comport with the requirements of ORS 36.425(2)(a) and ORS 36.425(3), that contention, even if correct, would render the court's order merely erroneous, and not void. *See generally Hiber v. Creditors Collection Service*, 154 Or App 408, 420 n 17, 961 P2d 898, *rev den*, 327 Or 621 (1998) ("Where due process defects are not involved, the Supreme Court has held that a judgment is void for lack of jurisdiction only where a court lacks jurisdiction over the parties or the subject matter; other defects may be in excess of the court's proper authority, but they do not render it void.").

We thus conclude that we lack jurisdiction to consider defendant's appeal.[13]

Appeal dismissed.

---

[13] We express no opinion as to the availability of review by mandamus in those circumstances.