Argued and submitted September 15, 2010, appeal dismissed July 27, petition for review denied November 10, 2011 (351 Or 318)

In the Matter of the Estate of
Dorothy J. Drury, Deceased.

ASSISTED LIVING CONCEPTS, INC.,
*Appellant,*

*v.*

Douglas M. FELLOWS,
Personal Representative of the
Estate of Dorothy J. Drury, Deceased,
*Respondent.*

Multnomah County Circuit Court
070791139; A141912

260 P3d 726

Thomas W. Sondag argued the cause for appellant. With him on the briefs was Lane Powell PC.

Patrick L. Block argued the cause for respondent. With him on the brief was Rogers & Block, LLP.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Appellant, Assisted Living Concepts, Inc. (ALC), which is not a party in the underlying probate proceeding, appeals from an order of the probate court denying its motion to quash a subpoena *duces tecum* and granting the personal representative's motion to compel discovery. We conclude that the probate court's order is not appealable—and, specifically, that ORS 19.205(2) is inapposite.[1] Accordingly, we dismiss the appeal for lack of jurisdiction.

The material procedural facts are undisputed. This probate proceeding was initiated in July 2007, after the decedent had died while residing at ALC's assisted living facility. Thereafter, in April 2008, the personal representative filed a wrongful death action against ALC and another defendant, a former employee of ALC. *Fellows v. Assisted Living Concepts, Inc., et al.*, Multnomah County Circuit Court Case No. 0804-05881.[2] The gravamen of that wrongful death action was that ALC acted negligently in failing to implement adequate monitoring and fall-prevention measures.

In the wrongful death action, the personal representative served ALC with two requests for the production of documents, one shortly after the lawsuit was filed, on April 29, 2008, and a second on June 10, 2008. Shortly before the second request for production, on June 5, 2008, ALC and its codefendant moved to compel arbitration of the wrongful death claim and to stay the trial court proceedings. ALC then filed a motion for a protective order on June 16, requesting the trial court to stay the discovery requests until the arbitration issue was resolved. In November 2008, the trial court, by letter opinion, denied the defendants' motion to compel arbitration, and an order memorializing that disposition was entered on January 13, 2009. Two days later, on January 15, ALC and its codefendant appealed from the trial court's order. *See* ORS 36.730(1)(a) (permitting an appeal from an order denying a petition to compel arbitration). That appeal

---

[1] ORS 19.205(2) provides:

"An order in an action that affects a substantial right, and that effectively determines the action so as to prevent a judgment in the action, may be appealed in the same manner as provided in this chapter for judgments."

[2] Later, another former employee of ALC was also added as a defendant.

remains pending before this court. *Drury v. Assisted Living Concepts, Inc.* (A141068).

On December 11, 2008, after the trial court's letter opinion but before entry of its order denying the defendants' motion to compel arbitration, the personal representative filed a motion in the wrongful death action to compel the production of documents. A hearing on that motion was scheduled for January 16, 2009. The trial court, however, did not resolve that matter because ALC's notice of appeal from the order denying the motion to compel arbitration, filed on January 15, divested the court of jurisdiction. *See* ORS 19.270.

Three days later, on January 19, the personal representative issued a subpoena *duces tecum* in the probate case (the subject of this appeal), ordering ALC's records custodian to appear for deposition and to produce essentially the same documents identified in the requests for production of documents in the wrongful death action. ALC objected to the subpoena and moved to quash it, and the personal representative moved to compel the discovery. Ultimately, the probate court entered an order denying the motion to quash and granting the motion to compel. ALC then initiated this appeal of that order and also moved the probate court to stay its enforcement of the order pending its appeal. The probate court denied the motion to stay.[3]

After filing its notice of appeal, ALC moved for a determination from the Appellate Commissioner as to whether the probate court's order is appealable, *see* ORS 19.235(3) ("When a party by motion * * * raises the issue whether the decision is appealable, the appellate court may make a summary determination of the appealability of the decision."), and also moved for review of the trial court's order denying the motion to stay and for an order staying the trial court's order pending this appeal. ALC contended that the order was appealable for two alternative and independently sufficient reasons.

_____

[3] As noted below, *see* 244 Or App at 479, the Appellate Commissioner subsequently allowed a stay.

First, ALC contended that the order met the requirements for an interlocutory appeal provided in ORS 19.205(2). Specifically, invoking *Amundson v. Brookshire*, 133 Or App 450, 453, 891 P2d 710 (1995), ALC argued that, because it was not a party to the probate proceeding—and, thus, would not be subject to any judgment in that proceeding—the probate court's order "effectively dispose[d] of ALC's involvement" in the probate case, rendering that order appealable under ORS 19.205(2).

Second, ALC asserted that "[t]he underlying order is also appealable because it is void for the probate court's want of jurisdiction to enter it." That contention, albeit somewhat inscrutable, *appears* to proceed from two premises: (1) Under ORS 19.270(1), the appeal of the circuit court's order denying arbitration of the wrongful death action divested not only the circuit court, but any court (including the probate court), of jurisdiction to determine matters (*e.g.*, discovery disputes) implicated in that action; and (2) the probate court's order, if given effect, would "intrude upon" this court's jurisdiction and "defeat [ALC's] right" "to prosecute the appeal with effect."

The Appellate Commissioner agreed with ALC's first contention and, ultimately, stayed the enforcement of the probate court's order pending this appeal. The Appellate Commissioner reasoned that,

"[b]ecause ALC is not otherwise a party to this probate case, the trial court's order substantially affects ALC's rights and effectively terminates the action as to ALC. *Amundson v. Brookshire*, 133 Or App 450, 453, 891 P2d 710 (1995) (order replacing personal representative is appealable because it effectively terminates the proceeding as to that party and prevents entry of judgment as to that party from which the party could appeal at later time)."

The parties then proceeded to brief the merits of the probate court's order and presented oral arguments on the merits without reference to appellate jurisdiction. However, as we undertook to craft an opinion addressing the substance of the parties' dispute, we encountered serious questions as to our jurisdiction—questions that we must revisit and resolve. *See, e.g.*, *Cessna v. Chu-R & T, Inc.*, 185 Or App 39, 44, 57 P3d

936 (2002), *rev den*, 335 Or 266 (2003) ("Although this court previously determined that there was appellate jurisdiction, we are free to revisit and reconsider that determination.").

Appeals from a circuit court sitting in probate are taken in the same manner as those from a trial court generally. ORS 111.105(2); *Smith v. Caldwell*, 188 Or App 456, 458, 71 P3d 584 (2003). Here, as noted, ALC posits only two possible grounds for appellate jurisdiction—*viz.*, either (a) ORS 19.205(2) or (b) the purported "voidness" of the probate court's order. Neither of those bases for appellate jurisdiction is availing, and we perceive no others.

ORS 19.205(2) provides:

"An order in an action that affects a substantial right, *and that effectively determines the action so as to prevent a judgment in the action*, may be appealed in the same manner as provided in this chapter for judgments."

(Emphasis added.)

Thus, to be appealable under ORS 19.205(2), the order must *both* "affect[ ] a substantial right" *and* "effectively determine[ ] the action so as to prevent a judgment in the action." Here, there is no question that the probate court's order—compelling the production of documents whose disclosure ALC is resisting—meets the first conjunctive requirement. But it does not satisfy the second. Bluntly: The probate court's order denying ALC's motion to quash and granting the personal representative's motion to compel does not determine, "effectively" or otherwise, any matter so as to preclude the probate court from entering a decree or judgment in the probate proceeding.

Our reasoning in *Amundson*, which ALC invokes and on which the Appellate Commissioner's order was predicated, is not to the contrary. In *Amundson*, we held that an order removing one person as personal representative in a probate proceeding and appointing another person to serve as personal representative was an appealable order under *former* ORS 19.010 (1995), *renumbered as* ORS 19.205 (1997). In so holding, we observed that an order removing a person as personal representative effectively excludes that person "as a party, at least in his or her capacity as personal

representative" and, hence, precludes that person from being subject to the judgment in the underlying action. 133 Or App at 453. "Thus," we concluded, "an order replacing a personal representative effectively determines *the proceeding as to that person* and *prevents entry of a judgment or decree as to that person* in his or her capacity as personal representative." *Id.* (emphasis added).

The same rationale had informed and guided our decision in *Samuels v. Hubbard*, 71 Or App 481, 692 P2d 700 (1984), *rev den*, 299 Or 118 (1985), on which *Amundson* relied, 133 Or App at 452-53. There, we held that an order denying two organizations' motion to intervene in a tort action was immediately appealable pursuant to *former* ORS 19.010(2)(a). *Samuels*, 71 Or App at 485. In so holding, we observed that "an order denying a motion to intervene affects a substantial right of the intervenor and, as a practical matter, *determines the action so as to prevent a judgment in that action on the intervenor's claim or defense." Id.* (emphasis added). Thus, although the orders at issue in *Amundson* and *Samuels* did not foreclose the courts from entering *any* judgment in those cases, they effectively precluded the entry of judgment as to the parties whose participation had been conclusively precluded by the orders that were the objects of the interlocutory appeals. *See Cessna*, 185 Or App at 47 (addressing *Amundson* and *Samuels* and concluding that "an order need not completely preclude the entry of *any* judgment—but may, instead, completely preclude the entry of judgment as to a particular party" (emphasis in original)).

In contrast, the order at issue in this case, which compels ALC to provide certain discovery to the personal representative, does not prevent entry of judgment as to ALC in the probate action. *See Amundson*, 133 Or App at 453. That is so because ALC is not, and had never been, a party to the probate action—and is not seeking to become a party to that action. Thus, regardless of how the probate court ruled on the cross-cutting motions to quash or to compel discovery, its order could never "effectively determine[ ]" any matter so as to prevent any judgment (much less as to ALC) in the probate proceedings. ORS 19.205(2) is inapposite.[4]

---

[4] The inapplicability of ORS 19.205(2) does not, of course, necessarily foreclose interlocutory review of discovery orders, including those directed to third parties.

As noted, ALC advanced a second, alternative basis for appellate jurisdiction—*viz.*, that the probate court's order must be subject to appellate review because it was "void" as rendered in contravention of ORS 19.270(1), collaterally subverting the prosecution and consideration of the appeal in the wrongful death action.[5] That contention fails because it rests on a false first premise: ORS 19.270(1) did not deprive the probate court of *jurisdiction* to issue the disputed order.

ORS 19.270(1) provides:

"The Supreme Court or the Court of Appeals *has jurisdiction of the cause* when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255. The trial court may exercise those powers in connection with the appeal as are conferred by law, and retains jurisdiction in the matter for the following purposes:

"(a)  Deciding requests for attorney fees, costs and disbursements or expenses pursuant to ORCP 68 or other provision of law.

"(b)  Enforcing the judgment, subject to any stay of the judgment.

"(c)  Deciding a motion for judgment notwithstanding the verdict under ORCP 63.

"(d)  Deciding a motion for new trial under ORCP 64.

"(e)  Deciding a motion for relief from judgment under ORCP 71 B."

(Emphasis added.)

The short and conclusive answer to ALC's contention is that, upon ALC's filing of its appeal in the wrongful death action, this court was vested with jurisdiction of "the cause"—the wrongful death case—and the circuit court was

---

*See* ORS 34.250 (pertaining to mandamus proceedings in the Oregon Supreme Court pursuant to Article VII (Amended), section 2, of the Oregon Constitution); *cf. Redwine v. Starboard, LLC*, 240 Or App 673, 251 P3d 192 (2011) (reversing judgment of summary contempt entered after purported corporate principal invoked privilege against self-incrimination in refusing to respond to inquiries in debtor-creditor exam).

[5] For example, ALC posits, the probate court's order compels broader production than would be available in arbitration if the order denying arbitration in the wrongful death action were reversed.

concomitantly divested of jurisdiction. Whatever the abstract correctness or prudential wisdom of the probate court's order in this procedural posture, ALC's appeal of the trial court's order denying its motion to compel arbitration in the wrongful death case divested *that* court—and not the probate court in an entirely separate proceeding—of jurisdiction over the cause before it. No reported Oregon decision has ever purported to expand the scope and application of ORS 19.270(1) in the manner that ALC now urges, to construe "cause" so amorphously as encompassing matters in separate proceedings.[6] We will not do so here.

Appeal dismissed.

---

[6] *Accord State ex rel Gattman v. Abraham*, 302 Or 301, 310, 729 P2d 560 (1986) (defining "jurisdiction of the cause" in statutory precursor to ORS 19.270(1) to mean " 'jurisdiction' of the issue or matter on appeal, be it a case, action at law, suit in equity, cause of action, cause of suit, proceeding, or claim for relief").