On petitioner's motion to determine jurisdiction filed March 11, and respondent's memorandum in response to motion filed March 20, petition for judicial review dismissed September 2, 1987

PIONEER TRUST BANK, N.A.,
*Petitioner,*

*v.*

MENTAL HEALTH DIVISION,
*Respondent.*

(86-MH-001 and 86-MH-002; CA A42876)

742 P2d 51

Ben C. Fetherston, Jr., and Clark, Marsh, Lindauer & McClinton, Salem, for motion.

Dave Frohnmayer, Attorney General, Virginia L. Linder,

Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem, contra.

Before Joseph, Chief Judge, and Warren and Deits, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

The issue is whether circuit court or this court has jurisdiction to review a Mental Health Division (Division) order requiring petitioner to reimburse the cost of providing care for petitioner's trust's beneficiaries. The circuit court, not this court, has jurisdiction. We therefore dismiss this judicial review.

Mary and Mavis Hawkins have been patients at a state institution for a number of years. They also are the beneficiaries of a trust fund established by their parents and administered by petitioner, Pioneer Trust Bank (Bank). Division issued an order determining that Bank, as trustee, has the ability to pay a portion of the cost of care from trust funds. Bank requested a hearing, contesting both liability and the amount. A hearing was held, and the referee affirmed Division's order. Bank then simultaneously filed a petition for judicial review in this court and a complaint in circuit court, both seeking judicial review of that order. Division moved in circuit court to dismiss that proceeding, contending that circuit court does not have jurisdiction of the matter. Bank has moved in this court for a determination of jurisdiction, basically taking no position concerning which court has jurisdiction. Division argues that this court, not circuit court, has review jurisdiction.

The parties agree that the hearing was conducted as a contested case under the Administrative Procedures Act. Division is an agency within the definition in ORS 183.310. Under ORS 183.480 we clearly would have jurisdiction for judicial review of the order in question but for ORS 179.650,[1] which is part of the legislative scheme governing state institution reimbursement. ORS 179.650(1) specifically provides that an "appeal" of an order determining ability to pay is to be taken to circuit court.

---

[1] ORS 179.650 provides:

"(1) An appeal may be taken to the circuit court from an order of the division made after a hearing under ORS 179.640(3), within 60 days after the date of the making of the order, and from the circuit court to the Court of Appeals in the manner provided by law for appeals from the circuit court.

"(2) An order declaring the financial ability of the person at the state institution or the estate of the person to pay for the care and maintenance of the person under ORS 179.640 shall remain in full force and effect, unless modified by subsequent court or division orders."

Division agrees that ORS 179.650 is plain on its face but urges a number of rules of statutory construction which it says lead to the conclusion that the statute has been impliedly repealed. Division points out that the relevant portions of the APA conferring exclusive judicial review of orders resulting from contested cases on this court were enacted after ORS 179.650 was originally enacted. It also cites and discusses a number of cases involving other state agencies in which the APA was held to control review, notwithstanding statutes appearing to confer jurisdiction on circuit court. In those cases, we also relied on various rules of statutory construction to arrive at the conclusion that we, and not circuit court, had jurisdiction for review of the agency orders.[2]

The problem is that ORS 179.650(1) is the more specific statute, and its provisions would therefore usually prevail over the more general language of ORS 183.480. With respect to the implied repeal argument, the legislative history of the two statutes shows that, before 1971, the APA provided only for judicial review in circuit court, and ORS 179.650 provided for review of reimbursement orders in county court. In 1971, the legislature amended the APA to confer judicial review jurisdiction in contested cases on this court. ORS 179.650 remained unchanged until 1973, when it was amended to confer jurisdiction on circuit court, followed by appeal to this court. Or Laws, 1973, ch 806, §5.[3] The argument that the 1971

---

[2] In *School Dist. No. 48 v. Fair Dis. App. Bd.,* 14 Or App 35, 512 P2d 799 (1973), we discussed the then existing conflict between ORS 342.905(8), which permitted use of the writ of review to review decisions of the Fair Dismissal Appeals Board, and ORS 183.480, which provided for judicial review by the Court of Appeals of contested case orders, including those of the Fair Dismissal Appeals Board. We resolved the conflict in favor of judicial review by this court. However, in that case amendments to both statutes creating the conflict were enacted in 1971; in this case, ORS 179.650 was amended in 1973, *after* amendment of the APA in 1971, specifically to provide for initial appeal to the circuit court.

In *League of Women Voters v. Lane Co. Bndry Comm.,* 32 Or App 53, 573 P2d 1255, *rev den* 283 Or 503 (1978), we held that the provisions of ORS 183.480 prevailed over the earlier enacted ORS 199.461(3), which provided for review by writ of review. Likewise, in *Rogue Flyfishers v. Water Policy Review Bd.,* 62 Or App 412, 660 P2d 1089 (1983), the amendments to ORS 183.480 providing for exclusive review of agency orders under the APA were enacted after enactment of ORS 636.560, which provided for review of Water Policy Review Board orders by circuit court. *Steamboaters v. Winchester Water Control Dist.,* 69 Or App 596, 688 P2d 92, *rev den* 298 Or 596 (1985), not involving the APA, is an example of a specific statute that provides for judicial review in this court prevailing over a general statute providing for circuit court review.

[3] Oregon Laws 1973, chapter 546, section 5, also amended ORS 179.650, but in particulars not relevant here.

amendments to the APA establishing exclusive jurisdiction for judicial review of agency orders impliedly repealed the circuit court review provisions of ORS 179.650 does not withstand scrutiny in the light of the 1973 amendments to ORS 179.650.

Division argues that, even if that be so, ORS 179.650 is permissive and should yield to the exclusive review language of ORS 183.480. A fairer construction is that "may" in ORS 179.650 means that, *if* a party desires judicial review of the determination of ability to pay, the party *must* file a petition in the circuit court. *But see Rogue Flyfishers v. Water Policy Review Bd., supra* n 2.

Division also argues that the APA and its legislative history demonstrate a legislative policy that judicial review of orders of the type in question here should be heard by this court. Division asserts that judicial review by a circuit court is only appropriate when the administrative action in question has not generated a reviewable record, whereas here a referee has conducted a full contested case hearing and the case comes complete with a record and a detailed order containing findings of fact and conclusions of law. However, a gleaning from the APA that the legislature generally intends that this court review all contested case-type orders cannot negate the literal language of ORS 179.650, particularly when the legislature amended ORS 179.650 in 1973 and retained the provisions for appeal, first, to the circuit court and only after that to this court. When two statutes are wholly irreconcilable, the legislature's last word usually prevails. *Harris v. Graig,* 299 Or 12, 15 n 1, 697 P2d 189 (1985). We conclude that circuit court has jurisdiction over judicial review of Division's order in this case and that this judicial review must be dismissed.

Petition for judicial review dismissed.