Argued and submitted December 6, 2004, affirmed March 16, petition for review denied June 21, 2005 (338 Or 680)

Pechara GUESS,
*Appellant,*

*v.*

Heather LEE,
*Respondent.*

0105-04620; A121036

108 P3d 647

Clayton H. Morrison argued the cause for appellant. With him on the brief were Clayton Huntley Morrison and Law Offices of Clayton H. Morrison, LLC.

Thomas M. Christ argued the cause for respondent. With him on the brief were Wendy M. Margolis and Cosgrave Vergeer Kester LLP.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

## BREWER, C. J.

This is a personal injury action for damages arising out of a motor vehicle accident. Plaintiff appeals from a judgment entered on a jury verdict for defendant after defendant appealed from an underlying arbitrator's award in plaintiff's favor. In her sole assignment of error, plaintiff asserts that the trial court erred in denying her motion to enter judgment on the arbitrator's award on the ground that defendant's notice of appeal from the award was untimely under ORS 36.425(2)(a). We affirm.

The pertinent facts are undisputed. Plaintiff filed this action in May 2001. Thereafter, the trial court transferred the case to its court-annexed mandatory arbitration program. *See* ORS 36.400 - 36.425. On August 14, 2002, the arbitrator filed his award with the trial court clerk. On September 4, 21 days after the award was filed, defendant filed with the clerk a notice of appeal and request for trial *de novo* of the action. The clerk accepted the notice of appeal and, on September 5, the court returned the case to its active trial calendar. On October 3, plaintiff filed a motion for entry of judgment on the arbitrator's award. The trial court denied the motion. In January 2003, the case was tried to a jury, and plaintiff appeals from the ensuing judgment on the jury's verdict for defendant.

Plaintiff asserts that defendant's notice of appeal from the arbitrator's award was untimely and, therefore, that the trial court erred in denying plaintiff's motion for judgment on the award. Plaintiff relies on ORS 36.425(2)(a), which provides:

"Within 20 days after the filing of a decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial de novo of the action in the court on all issues of law and fact. A copy of the notice of appeal and request for a trial de novo must be served on all other parties to the proceeding. After the filing of the written notice a trial de novo of the action shall be held. If

the action is triable by right to a jury and a jury is demanded by a party having the right of trial by jury, the trial de novo shall include a jury."

Defendant responds that she timely filed the notice of appeal because the arbitrator served the award on the parties by mail. According to defendant, that method of service afforded her an additional three days within which to file the notice of appeal under ORCP 10 C, which provides:

"Except for service of summons, whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served by mail, 3 days shall be added to the prescribed period."

Plaintiff replies that ORCP 10 C is inapposite because the limitation period of ORS 36.425(2)(a) is triggered by the filing of the arbitration decision and award, while ORCP 10 C pertains to, and is triggered by, "service of a notice or other paper." That is, the time period for filing a notice of appeal and request for trial *de novo* under ORS 36.425(2)(a) is explicitly measured against when the arbitrator's decision and award is filed and not against when the decision and award is served. In a related vein, plaintiff argues that the provisions of ORCP 10 do not apply to arbitration because chapter 13 of the Uniform Trial Court Rules, which governs court-annexed arbitration, does not explicitly incorporate ORCP 10. *See* UTCR 13.040(2) ("After a case is assigned to an arbitrator, these arbitration rules apply except where an arbitration rule states that a Rule of Civil Procedure applies.").

■    The problem presented is one of statutory construction involving the meaning of ORS 36.425. We approach such questions using the analytical template set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Under that template, we first consider the text and context of the statute and proceed to other interpretive sources (specifically, to the statute's legislative history and, in the event that legislative history is unhelpful, to general maxims of statutory construction) only if the legislature's intent is not clear at that first level. *Id.* at 610-12.

■ We first consider whether the Oregon Rules of Civil Procedure generally are applicable to ORS 36.425(2)(a). We conclude that they are. The Oregon Rules of Civil Procedure apply in all civil actions in circuit court "except where a different procedure is specified by statute or rule." ORCP 1 A; *see, e.g., Quillen v. Roseburg Forest Products, Inc.*, 159 Or App 6, 9-10, 976 P2d 91 (1999) (holding that ORCP 10 C did not apply where statute expressly provided that the specified action must be taken "only" in accordance with statutory time requirements). Nothing in the Uniform Trial Court Rules suggests that the Oregon Rules of Civil Procedure do not apply to ORS 36.425(2)(a). UTCR 13.040(2) provides that the Oregon Rules of Civil Procedure apply before a case is assigned to arbitration and that the Uniform Trial Court Rules apply thereafter. However, by its terms, UTCR 13.040(2) does not expressly apply—to the exclusion of the Oregon Rules of Civil Procedure—to actions after arbitration has been concluded, that is, where, as here, the arbitrator's assignment has been completed.[1]

■ More importantly, UTCR 13.040(2) must be read consistently with ORS 36.425. *See* ORS 36.400(2) (authorizing adoption of rules "consistent" with ORS 36.400 to 36.425); UTCR 1.010(2) (Uniform Trial Court Rules must be construed to achieve consistency with statutory provisions). In context, it is clear that the Oregon Rules of Civil Procedure generally apply to paragraph (2)(a). Further, ORS 36.425(4) provides:

"Notwithstanding any other provision of law *or the Oregon Rules of Civil Procedure*:

"(a)  If a party requests a trial de novo under the provisions of this section, the action is subject to arbitration under the provisions of ORS 36.405(1)(a), the party is entitled to attorney fees by law or contract, and the position of the party is not improved after judgment on the trial de novo, the party shall not be entitled to an award of attorney fees or costs and disbursements incurred by the party

---

[1] Moreover, even if the Oregon Rules of Civil Procedure generally do not apply in the present circumstances, UTCR 13.040(2) must be read consistently with UTCR 1.130, which states that "ORCP 10 shall be followed in computing any time period prescribed by these rules"—meaning, apparently, all of the Uniform Trial Court Rules, including the rules in chapter 13 that govern arbitrations.

before the filing of the decision and award of the arbitrator, and shall be taxed the reasonable attorney fees and costs and disbursements incurred by the other parties to the action on the trial de novo after the filing of the decision and award of the arbitrator.

"(b) If a party requests a trial de novo under the provisions of this section, the action is subject to arbitration under ORS 36.405(1)(a), the party is not entitled to attorney fees by law or contract, and the position of the party is not improved after judgment on the trial de novo, pursuant to subsection (5) of this section the party shall be taxed the reasonable attorney fees and costs and disbursements of the other parties to the action on the trial de novo incurred by the other parties after the filing of the decision and award of the arbitrator.

"(c) If a party requests a trial de novo under the provisions of this section, the action is subject to arbitration under ORS 36.405(1)(b), and the position of the party is not improved after judgment on the trial de novo, the party shall not be entitled to an award of attorney fees or costs and disbursements and shall be taxed the costs and disbursements incurred by the other parties after the filing of the decision and award of the arbitrator."

(Emphasis added.) The function of a "notwithstanding" clause is to operate as an exception to that which follows. *Severy v. Board of Parole*, 318 Or 172, 178, 864 P2d 368 (1993). The inclusion of such a clause in subsection (4) indicates that the legislature intended to except the procedures stated therein from the requirements of the Oregon Rules of Civil Procedure. On the other hand, the omission of such a clause from subsection (2) indicates that the legislature did not intend to except the procedures therein from the requirements of the Oregon Rules of Civil Procedure. *See PGE*, 317 Or at 611 (use of a term in one provision and not in another provision of the same statute indicates a purposeful omission). Thus, we conclude that, contrary to plaintiff's interpretation, the Oregon Rules of Civil Procedure apply to the appeal procedures in ORS 36.425(2), even though they do not apply to the attorney fee procedures in ORS 36.425(4).

We next consider whether ORCP 10 C, in particular, applies to ORS 36.425(2)(a). As discussed, plaintiff asserts

that ORCP 10 C does not apply because paragraph (2)(a) addresses the filing, not service, of arbitration awards.[2] We disagree. Paragraph (2)(a) refers to "the filing of a decision and award with the clerk of the court under subsection (1) of this section." ORS 36.425(1) provides, in part:

> "At the conclusion of arbitration under ORS 36.400 to 36.425 of a civil action, the arbitrator shall file the decision and award with the clerk of the court that referred the action to arbitration, *together with proof of service of a copy of the decision and award upon each party.*"

(Emphasis added.)

By its terms, subsection (1) requires that the filing of an arbitrator's decision and award be accompanied by proof of service of the decision and award on each party. Thus, to trigger the 20-day appeal period prescribed in paragraph (2)(a), the filing of a decision and award with the clerk of the court "under subsection (1) of this section" must be accompanied by proof of service of the arbitrator's decision and award. Accordingly, we conclude that, under the circumstances of this case, paragraph (2)(a) requires a party to file a written notice of appeal and request for trial *de novo* within 20 days "after the service of a notice or other paper upon such party."

It follows that where, as here, the arbitrator filed the decision and award and, on the same day, served the decision and award on the parties by mail, ORCP 10 C applies, and "3 days shall be added to the prescribed period." Defendant filed her notice of appeal and request for trial *de novo* 21 days after the arbitrator filed his decision and award, together with proof that he served the decision and award on the parties by mail. Therefore defendant timely filed her notice of appeal and request for trial *de novo*, and the trial court did not err in denying plaintiff's motion for entry of judgment on the arbitrator's award.

Affirmed.

---

[2] Plaintiff does not refer to ORCP 10 A (2001), which specified that the provisions of ORCP 10 apply "[i]n computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by *any applicable statute.*" (Emphasis added.) Our analysis necessarily answers the question whether ORS 36.425(2)(a) is a provision to which ORCP 10 applies.