Argued and submitted October 10, 2005, reversed and remanded April 26, 2006

Donald WEBSTER,
*Appellant,*

*v.*

Dan HARMON,
*Respondent.*

032257; A124889

134 P3d 1012

Blair J. Henningsgaard argued the cause and filed the briefs for appellant.

Barbara L. Johnston argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.*

BREWER, C. J.

---

* Haselton, J., *vice* Richardson, S. J.

## BREWER, C. J.

Plaintiff appeals from a trial court order upholding defendant's exceptions to an arbitrator's award of attorney fees to plaintiff. Because we agree with plaintiff that defendant did not timely file his exceptions to the award in the trial court under ORS 36.425(6), we reverse and remand.

Defendant damaged plaintiff's sidewalk. Before filing an action, plaintiff made a written demand for payment from defendant of $1,128 in damages, plus costs and attorney fees, pursuant to ORS 20.080(1).[1] Defendant did not make the demanded payment. In July 2003, plaintiff filed a negligence action against defendant for the damage. The trial court referred the case to its court-annexed arbitration program.

On December 15, 2003, the arbitrator issued an award of $600 to plaintiff, together with costs of $592 and attorney fees in the sum of $1,590. The award was filed in the trial court on December 16. On December 29, defendant filed exceptions to the award. For his exceptions, defendant relied on ORCP 68 C(4), not ORS 36.425. Defendant asserted that plaintiff was not entitled to attorney fees because defendant had offered plaintiff $600—the amount of damages that the arbitrator awarded—to settle the claim before the commencement of the action. Defendant did not object to the amount of the attorney fee award.

Plaintiff responded to the exceptions and requested additional attorney fees incurred in responding. Plaintiff

---

[1] ORS 20.080(1) provides:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff."

argued that defendant had not timely filed his exceptions under ORS 36.425(6) and that defendant had stipulated that his prelitigation tender was $500, not $600. On January 16, 2004, the trial court held a hearing on defendant's exceptions. On March 18, the court filed a letter opinion upholding the exceptions. The trial court concluded that the exceptions must be resolved under ORS 36.425(6) but found that defendant had not received a copy of plaintiff's attorney fee statement. As a result, the court determined that it would be unfair to hold defendant to the time limits prescribed by ORS 36.425(6). The court also found that defendant had made a prelitigation tender of $600 in damages to plaintiff and that, because plaintiff had not recovered a greater sum, plaintiff was not entitled to attorney fees under ORS 20.080. The court then entered a general judgment and money award that was consistent with the arbitrator's award but which did not include an award of attorney fees.

On appeal, plaintiff argues that the trial court erred in upholding defendant's exceptions to the arbitrator's attorney fee award and in failing to award plaintiff additional attorney fees for responding to the exceptions. For the following reasons, we conclude that the trial court erred in both respects.

ORCP 68 C(4) prescribes the procedure for objecting to an award of attorney fees in circumstances that are governed by the Oregon Rules of Civil Procedure.[2] However, ORS 36.425(6), not ORCP 68 C(4), prescribes the procedure for objecting to attorney fee awards that are made by an arbitrator. *Ashley v. Garrison*, 162 Or App 585, 591, 986 P2d 654 (1999). ORS 36.425(6) provides:

"Within seven days after the filing of a decision and award under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or

---

[2] ORCP 68 C(4)(b) provides:

"A party may object to a statement seeking attorney fees or costs and disbursements or any part thereof by written objections to the statement. The objections shall be served within 14 days after service on the objecting party of a copy of the statement. The objections shall be specific and may be founded in law or in fact and shall be deemed controverted without further pleading. Statements and objections may be amended in accordance with Rule 23."

denial of attorney fees or costs. Exceptions under this sub-section may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. Any party opposing the exceptions must file a written response with the court and serve a copy of the response on the party filing the exceptions. Filing and service of the response must be made within seven days after the service of the exceptions on the responding party. A judge of the court shall decide the issue and enter a decision on the award of attorney fees and costs. If the judge fails to enter a decision on the award within 20 days after the filing of the exceptions, the award of attorney fees and costs shall be considered affirmed. The filing of exceptions under this subsection does not constitute an appeal under subsection (2) of this section and does not affect the finality of the award in any way other than as specifically provided in this subsection."

Although the legislature used the word "may" in setting out the time limit for filing exceptions to an attorney fee award, it is readily apparent from the context that the statute establishes a mandatory seven-day limit for filing such exceptions. *See Pioneer Trust Bank v. Mental Health Division*, 87 Or App 132, 136, 742 P2d 51 (1987) (statute providing that party seeking judicial review of agency decision "may" take an appeal to circuit court means that party *must* do so). Thus, unlike in circumstances that are governed by ORCP 68 C(4)(b), under ORS 36.425(6) a nonprevailing party must *file* exceptions to an attorney fee award made by an arbitrator within seven days after the arbitrator *files* the award in the trial court, not *serve* objections within 14 days after the prevailing party *serves* an attorney fee statement on the nonprevailing party.

Defendant nevertheless argues that he timely filed his exceptions. Observing that the arbitrator mailed the award to the parties on December 15, defendant asserts that, by force of ORCP 10 C,[3] the seven-day filing period under

---

[3] ORCP 10 C provides:

"Except for service of summons, whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served by mail, 3 days shall be added to the prescribed period."

ORS 36.425(6) did not commence until December 18. Defendant further reasons that, because the seventh day fell on a legal holiday, December 25, his mailing of the exceptions on December 26 was timely.

In *Guess v. Lee*, 198 Or App 304, 310, 108 P3d 647, *rev den*, 338 Or 680 (2005), we held that ORCP 10 C extended the time for appealing an arbitrator's award under ORS 36.425(2) for three days where, as here, the award was served by mail. However, in 2002, the legislature amended ORCP 10 A to provide that "[t]his section does not apply to any time limitation governed by ORS 174.120." Or Laws 2002, ch 10, § 9 (1st Spec Sess). That amendment became effective on February 25, 2002, and it is applicable to this case. Or Laws 2002, ch 10, § 11 (1st Spec Sess). ORS 174.120, which also was amended by the 2002 legislature,[4] provides, in part:

"(1)  The time within which an act is to be done, as provided in the civil and criminal procedure statutes, is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded.

"(2)  For the purposes of the determining whether a person has complied with a statutory time limitation governing an act to be performed in a circuit court, the Oregon Tax Court, the Court of Appeals or the Supreme Court, the time prescribed by law for the performance of the act does not include the day on which the specified period begins to run. The designated period does include the last day unless the last day is:

"(a)  A legal holiday or Saturday;

"(b)  A day on which the court is closed for the purpose of filing pleadings and other documents;

"(c)  A day on which the court is closed by order of the Chief Justice, to the extent provided by the order; or

"(d)  A day on which the court is closed before the end of the normal hours during which pleadings and other documents may be filed.

---

[4] Or Laws 2002, ch 10, § 6 (1st Spec Sess).

"(3) If the last day of a designated period is excluded under the provisions of subsection (2) of this section, the act must be performed on the next day that the court is open for the purpose of filing pleadings and other documents.

"(4) The provisions of subsections (2) and (3) of this section apply to time limitations established by statutes of limitation and other procedural statutes governing civil and criminal proceedings."

Subsections (2), (3), and (4) were added to the statute by the 2002 amendment. In addition, the 2002 amendment deleted the following language from the beginning of subsection (1): "Except as otherwise provided in ORCP 10." Arguably, the effect of the 2002 amendments to ORCP 10 and ORS 174.120 was to eliminate, for the purpose of calculating statutory time limits for acts to be performed in a circuit court— such as the filing of exceptions to arbitral attorney fee awards under ORS 36.425(6)—the three-day grace period provided by ORCP 10 C. If that were the case, our decision in *Guess* would be inapplicable to the calculation of statutory time limits for acts to be performed in a circuit court after the effective date of the 2002 amendments to ORCP 10 and ORS 174.120.

However, that reading of the 2002 amendments to ORCP 10 A and ORS 174.120 is not the only plausible one. ORS 174.120 does not now, nor did it before the 2002 amendments were enacted, address the subject or effect of service by mail. Rather, that statute sets out rules for the exclusion and inclusion, respectively, of the first and last days of a statutory time period in determining the timeliness of an act, and it designates exceptions to including the last day. Because ORS 174.120 does not address the subject matter of ORCP 10 C, it is plausible to infer that, by enacting the 2002 amendments, the legislature intended to make ORCP 10 A inapplicable only to time limitations governed by ORS 174.120.[5] That provision addresses the same subject matter as ORS 174.120

---

[5] The 2002 amendment to ORCP 10 A states that "[t]his section" does not apply to time limitations governed by ORS 174.120. The Oregon Rules of Civil Procedure are rules, not sections. However, the rules themselves refer to subparts of each rule as "sections." *See, e.g.,* ORCP 9 C (referring to ORCP 9 D as "section D of this rule"). That usage, therefore, supports the view that only "section" ORCP 10 A, not "section" ORCP 10 C or any other provision of ORCP 10, is inapplicable to time limitations governed by ORS 174.120.

(2002), making it perfectly logical to infer that the legislature would not want it to overlap or come into conflict with the latter statute.

We need not resolve that issue, though, because, at a minimum, the seven-day period provided by ORS 36.425(6) expired in this case on December 26. Defendant made no effort to meet that deadline. Instead, apparently believing that the 14-day period prescribed by ORCP 68 C(4)(b) for objecting to a statement for attorney fees was applicable, defendant filed the exceptions at least three days late.[6]

Whether or not defendant timely received the attorney fee statement that plaintiff filed in the arbitration proceeding is beside the point. Defendant does not contend that the arbitrator failed to timely file and serve the award under ORS 36.425(1). The award itself included an award of attorney fees. Accordingly, defendant had the ability to comply with ORS 36.425(6), including an opportunity to except to the award on the ground that plaintiff had failed to properly serve his attorney fee statement on defendant in the arbitration proceeding.[7]

Defendant remonstrates that he attempted to comply with ORS 36.425(6) and that, under ORCP 12 B, the trial court properly disregarded any error in his effort.[8] We disagree. It appears that defendant made no effort to comply with ORS 36.425(6) before the trial court; rather, in that court he relied on ORCP 68 C(4), a rule on which he does not rely on appeal. *See Mulier v. Johnson*, 332 Or 344, 350, 29 P3d 1104 (2001) (ORCP 12 B applies only when the party has attempted to comply with the requirements of a rule of procedure; it cannot be used as an escape from those requirements). We conclude that defendant's failure to comply with the time limit prescribed by ORS 36.425(6) is not the sort of

---

[6] We reject defendant's argument that he met the seven-day deadline by *mailing* his exceptions on December 26. As discussed, ORS 36.425(6) requires filing, not service, within the seven-day period.

[7] Plaintiff asserts that he properly served the statement on defendant. However, as explained, we need not resolve the parties' dispute concerning that issue.

[8] ORCP 12 B provides that "[t]he court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."

"error or defect in the pleadings or proceedings" to which ORCP 12 B applies.

Because defendant did not timely file his exceptions to the arbitrator's attorney fee award, the trial court erred in upholding those exceptions. It follows that the trial court also erred in failing to address plaintiff's request for additional attorney fees in responding to the exceptions. Accordingly, we remand the matter to the trial court for consideration of that issue.

Reversed and remanded.