Submitted July 2, reversed and remanded September 15, 2010

William Donald HARVEY,
*Plaintiff-Appellant,*

*v.*

Elizabeth CHRISTIE,
*Defendant-Respondent.*

Lincoln County Circuit Court
071569; A138790

239 P3d 279

William Donald Harvey filed the brief *pro se.*

No appearance for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

SHUMAN, P. J.

## SCHUMAN, P. J.

Plaintiff appeals the trial court's judgment dismissing his civil case; according to the trial court, plaintiff's appeal to the circuit court from an arbitrator's decision was not timely. Plaintiff, asserts that, because the arbitrator served the decision on the parties by mail, ORCP 10 C required the court to add three days to the time in which plaintiff was required to file his notice of appeal, and, had the court done so, the appeal would have been timely. Plaintiff, an inmate in a corrections institution, also contends that the appeal was timely because of the "prisoner mailbox rule," under which a pleading is considered to have been filed with the court when delivered to an appropriate prison official. We conclude that plaintiff is correct with respect to his ORCP 10 C argument and reverse and remand on that basis. Accordingly, we do not address plaintiff's assertions with respect to the "prisoner mailbox rule."

There are only a few relevant facts. Plaintiff filed a civil case against defendant for negligence and financial abuse. He alleged that defendant, who had been his attorney-in-fact, had willfully mismanaged his property and thereby caused him damages. The case was transferred to arbitration and was eventually dismissed by the arbitrator. The arbitration award was entered on October 31, 2007.

On November 23, 2007, plaintiff filed his notice of appeal and motion for trial *de novo*. The trial court concluded that plaintiff's notice of appeal was due no later than November 20, 2007, and that "Plaintiff's Notice of Appeal and Request for Trial De Novo was not filed within the twenty (20) day period as otherwise required by Oregon Law, ORS 36.425(2)(a)[.]" That statute provides:

"Within 20 days after the filing of a[n arbitration] decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial de novo of the action in the court on all issues of law and fact. A copy of the notice of appeal and request for a trial de novo must be

served on all other parties to the proceeding. After the filing of the written notice a trial de novo of the action shall be held. If the action is triable by right to a jury and a jury is demanded by a party having the right of trial by jury, the trial de novo shall include a jury."

Furthermore, if a written notice of appeal is not filed as required by ORS 36.425(2)(a) "within the 20 days prescribed, the court shall cause to be prepared and entered a judgment based on the arbitration decision and award. A judgment entered under this subsection may not be appealed." ORS 36.425(3). Thus, the trial court reasoned, because plaintiff's notice of appeal was not filed within 20 days of the entry of the arbitrator's decision and award, a final, nonappealable judgment would be entered. Plaintiff seeks to avoid that result.

■      Plaintiff asserts that the trial court "erred in not applying the mandate of ORCP 10 C to the time allowed plaintiff for filing his Notice of Appeal and Request for Trial *de novo* after the Arbitrator filed and served his decision and award by mail." According to plaintiff, the 20-day period in which he was required to file his notice of appeal began to run the day after the arbitration award was filed and, because the arbitrator mailed the decision and award, ORCP 10 C provides that three days for mailing be added to the 20-day appeal period. With those three days added, his notice of appeal, filed on November 23, 2007, would be timely.

ORCP 10 C provides that,

"[e]xcept for service of summons, whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served by mail, 3 days shall be added to the prescribed period."

In support of his contention that three days for mailing should have been added to the appeal period pursuant to ORCP 10 C, plaintiff cites *Guess v. Lee*, 198 Or App 304, 108 P3d 647, *rev den*, 338 Or 680 (2005). In that case, we considered whether the three-day extension in ORCP 10 C applied

to the 20-day time limit for appealing from arbitrators' decisions in ORS 36.425(2)(a). We concluded that, where an arbitration decision and award are served on the parties by mail, "ORCP 10 C applies, and 3 days shall be added" to the 20-day appeal period. *Guess*, 198 Or App at 310 (internal quotation marks omitted).

In *Webster v. Harmon*, 205 Or App 196, 134 P3d 1012 (2006), we revisited our decision in *Guess* in light of the legislature's 2002 amendment to ORCP 10 A. Both before and after the amendments, ORCP 10 A prescribed how to compute "any period of time prescribed" by the rules, and specified that (with some exceptions that are not relevant here), if the last date occurred on a "Saturday or a legal holiday, including Sunday," the due date was extended to the next day. However, the rule was amended to also provide that "[t]his section does not apply to any time limitation governed by ORS 174.120." Or Laws 2002, ch 10, § 9 (1st Spec Sess); *see Webster*, 205 Or App at 201. At the same time, ORS 174.120 was also amended to add subsections (2), (3), and (4), so as to provide:

"(1) The time within which an act is to be done, as provided in the civil and criminal procedure statutes, is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded.

"(2) For the purposes of * * * determining whether a person has complied with a statutory time limitation governing an act to be performed in a circuit court, the Oregon Tax Court, the Court of Appeals or the Supreme Court, the time prescribed by law for the performance of the act does not include the day on which the specified period begins to run. The designated period does include the last day unless the last day is:

"(a) A legal holiday or Saturday;

"(b) A day on which the court is closed for the purpose of filing pleadings and other documents;

"(c) A day on which the court is closed by order of the Chief Justice, to the extent provided by the order; or

"(d)   A day on which the court is closed before the end of the normal hours during which pleadings and documents may be filed.

"(3)   If the last day of a designated period is excluded under the provisions of subsection (2) of this section, the act must be performed on the next day that the court is open for the purpose of filing pleadings and other documents.

"(4)   The provisions of subsections (2) and (3) of this section apply to time limitations established by statutes of limitation and other procedural statutes governing civil and criminal proceedings."

Or Laws 2002, ch 10, § 6 (1st Spec Sess); *Webster*, 205 Or App at 201-02. The purpose of those two amendments was apparently to accommodate budget-driven court closures that occurred during the ordinary work week.

We considered, in *Webster*, whether "the effect of the 2002 amendments to ORCP 10 and ORS 174.120 was to eliminate, for the purpose of calculating statutory time limits for acts to be performed in the circuit court * * * the three-day grace period provided by ORCP 10 C." 205 Or App at 202. We observed that

"ORS 174.120 does not now, nor did it before the 2002 amendments were enacted, address the subject or effect of service by mail. Rather that statute sets out rules for the exclusion and inclusion, respectively, of the first and last days of a statutory time period in determining the timeliness of an act, and it designates exceptions to including the last day. Because ORS 174.120 does not address the subject matter of ORCP 10 C, it is plausible to infer that, by enacting the 2002 amendments, the legislature intended to make ORCP 10 A inapplicable only to the time limitations governed by ORS 174.120. The provision addresses the same subject matter as ORS 174.120 (2002), making it perfectly logical to infer that the legislature would not want it to overlap or come into conflict with the latter statute."

*Id.* at 202-03 (footnote omitted). We further explained that

"The 2002 amendment to ORCP 10 A states that '[t]his section' does not apply to the time limitations governed by ORS 174.120. The Oregon Rules of Civil Procedure are rules, not sections. However, the rules themselves refer to subparts of each rule as 'sections.' *See, e.g.,* ORCP 9 C (referring to

ORCP 9 D as 'section D of this rule'). That usage, therefore, supports the view that only 'section' ORCP 10 A, not 'section' ORCP 10 C or any other provision of ORCP 10, is inapplicable to the time limitations governed by ORS 174.120."

*Id.* at 202 n 5. However, because we resolved the case on other grounds, we did not ultimately decide whether, in light of the 2002 amendments, the three-day grace period provided by ORCP 10 C continued to apply to filings pursuant to ORS 36.425. We now conclude that it does.

■        In addition to the reasoning from *Webster* set forth above, we note that the amendment to ORCP 10 changed *only* ORCP 10 A and made no change of any kind to the provisions of ORCP 10 C. We therefore do not understand it to have modified the application of ORCP 10 C. Furthermore, the relevant legislative history supports the conclusion that the legislature intended the modifications to ORS 174.120 and ORCP 10 A only to make clear that when the courts close, the last day for an act to be done is moved to the next day the courts are open, and that the amendments had nothing to do with the effect of service by mail.[1] According to Bradd Swank, Special Counsel for Government Relations from the State Court Administrator's Office, the purpose of the amendments was to clarify that an act required to be done on a day when the court was closed is moved to the next day when the courts are open. Tape Recording, House Committee on Budget Reconciliation, HB 4016, Feb 8, 2002, Tape 2, Side B (statement of Bradd Swank). Legislators understood that the amendments were for the protection of the public and preserved the rights of parties if the courts were closed when a statute of limitation or other time period would otherwise run. *See* Tape Recording, House Committee on Budget Reconciliation, HB 4016, Feb 8, 2002, Tape 2, Side

---

[1] The amendments at issue were enacted as part of Senate Bill (SB) 1006 (2002 1st Spec Sess). However, they were originally part of House Bill (HB) 4016 (2002 1st Spec Sess), and were later incorporated into SB 1006. *See* Tape Recording, House Committee on Budget Reconciliation, SB 1006, Feb 10, 2002, Tape 4, Side A (statement of Robin LaMonte, Legislative Fiscal Office) (explaining that the amendments include changes that were recommended by the Chief Justice and were originally part of HB 4016 and discussed extensively as part of that bill). Therefore, we look to the legislative history of HB 4016 to assist us in determining the legislature's intent with respect to the amendments to ORCP 10 A and ORS 174.120.

B (statement of Chair Rep Ben Westlund); Tape Recording, House Committee on Budget Reconciliation, HB 4016, Feb 8, 2002, Tape 2, Side B (statement of Rep Lane Shetterly); *see also* Tape Recording, House Committee on Budget Reconciliation, HB 4016, Feb 8, 2002, Tape 2, Side B (statement of Bradd Swank) (noting that the changes were intended to protect the public). Swank also noted that the current practice under the Oregon Rules of Civil Procedure was that, if the last day of a time period fell on a holiday or Sunday, it would be "kicked over to the next day" and that the intent was not to change that practice, but to protect the public in an expanded set of circumstances. Tape Recording, House Committee on Budget Reconciliation, HB 4016, Feb 8, 2002, Tape 2, Side B (statement of Bradd Swank). Thus, the legislative history confirms our understanding that the amendments were not intended to modify the three-day grace period provided by ORCP 10 C relating to statutory time limits for acts to be performed in the circuit court.

In light of that determination, we now hold that, because the arbitration award was mailed to the parties in this case, three days should have been added to the appeal period. With those three days added, plaintiff's filing of his notice of appeal was timely. Accordingly, the trial court's entry of a general judgment of dismissal was in error.

Reversed and remanded.