Argued and submitted May 7, 2015, reversed and remanded June 29, 2016

Esther LEE,
*Plaintiff-Appellant,*

*v.*

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
*Defendant-Respondent.*

Multnomah County Circuit Court
120303367; A156032

379 P3d 698

Nicholas A. Thede argued the cause for appellant. With him on the briefs was Maloney Lauersdorf Reiner, PC.

James L. Hiller argued the cause for respondent. With him on the brief was Hitt Hiller Monfils Williams LLP.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

## FLYNN, J.

Plaintiff appeals from a judgment entered following judicial review of an arbitration award. The dispute before us arises out of the "court-annexed arbitration" process, under which the circuit courts are required to refer certain cases to an arbitrator, whose decision becomes final and not appealable unless a party files a timely request for trial *de novo* in the circuit court. *See* ORS 36.400 to 36.425. The question is whether a party who files a request for a trial *de novo* under ORS 36.425(2) may also challenge the arbitrator's decision regarding an award of attorney fees or whether the party must separately follow the procedure set out in ORS 36.425(6) for filing "exceptions directed solely to the award or denial of attorney fees or costs." The trial court, here, refused to re-examine the arbitrator's attorney fee award because plaintiff filed only a request for trial *de novo*. The court also excluded from its award of post-arbitration attorney fees a fee for time that plaintiff's counsel spent on what the court concluded was an unsuccessful challenge to the arbitration fee award. Plaintiff argues that the trial court erred in its construction of ORS 36.425, and we agree. We reverse and remand the court's judgment, which incorporated both challenged rulings.

The pertinent facts are procedural and not in dispute. Plaintiff filed a complaint alleging that defendant breached its contract to pay benefits that plaintiff claimed under her policies of automobile and renter's insurance. Because she sought damages in an amount less than $50,000, the circuit court referred the case to its mandatory "court-annexed" arbitration program pursuant to ORS 36.405(1)(a).[1] The designated arbitrator awarded plaintiff a portion of the damages that she claimed as well as $13,400 of the attorney fees that plaintiff sought pursuant

---

[1] ORS 36.405(1) provides, in pertinent part:

"[I]n a civil action in a circuit court where all parties have appeared, the court shall refer the action to arbitration under ORS 36.400 to 36.425 if ***:

"(a) The only relief claimed is recovery of money damages, and no party asserts a claim for money or general and special damages in an amount exceeding $50,000, exclusive of attorney fees, costs and disbursements and interest on judgment."

to ORS 742.061(1).[2] The arbitrator included both rulings in an award that he filed with the clerk of the court pursuant to ORS 36.425(1). As permitted by ORS 36.425(2)(a), plaintiff filed within 20 days a request "for a trial *de novo* of the action in the court on all issues of law and fact."

Defendant insisted that plaintiff had lost the opportunity to challenge the arbitrator's award of fees because she failed to separately follow the process set out in ORS 36.425(6). That process requires that "exceptions directed solely to the award or denial of attorney fees or costs" be filed within seven days of the date the arbitrator's award is filed with the court. The parties stipulated to a resolution of the insurance policy claim but expressly left the dispute regarding "the right to, and the amount of costs and attorney fees" for the court to determine.

The trial court determined that plaintiff's request for trial *de novo* under ORS 36.425(2)(a) was insufficient to raise her challenge to the arbitration fees and, therefore, refused to re-examine the issue of the plaintiff's attorney fee for time spent prior to the date on which the arbitration award was filed. The court also ruled that plaintiff was entitled to recover a portion of the post-arbitration attorney fees that she requested, because plaintiff had improved her position after requesting a trial *de novo*. The trial court excluded from that fee award, however, a fee for time that plaintiff's attorney spent on the unsuccessful challenge to the arbitrator's fee award. Plaintiff argues that the court's construction of ORS 36.425 is incorrect.

Whether a party who follows the process specified in ORS 36.425(2)(a) for requesting a trial *de novo* may challenge the arbitrator's attorney fee decision presents a question of statutory construction. As with all matters of statutory construction, our "paramount goal" is to determine the

---

[2] ORS 742.061(1) provides, in pertinent part:

"[I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

legislature's intent. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). In determining the legislature's intent, we give "primary weight" to the statute's text and context. *Id.* Thus, because "there is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes[,]" we begin with the text of the statute. *Id.* (internal quotation marks omitted).

In this case, "the words by which the legislature undertook to give expression to its wishes" are unambiguous. ORS 36.425(2)(a) provides, in pertinent part:

"Within 20 days after the filing of a decision and award * * * a party whose claim for relief was greater than the relief granted to the party by the decision and award * * * may file with the clerk a written notice of appeal and request for a trial *de novo* of the action in the court on *all issues of law and fact.*"

(Emphasis added.) As plaintiff argues, the phrase "all issues of law and fact" is broad enough to include all issues regarding the right to recover attorney fees, including the amount of attorney fees to which she was entitled for the time period addressed by the arbitrator's attorney fee award. An award of attorney fees involves both legal and factual issues. *Parks v. Farmers Ins. Co.*, 214 Or App 1, 6, 162 P3d 1088 (2007), *rev'd on other grounds*, 347 Or 374 (2009) (a party's entitlement to attorney fees is a question of law); *Higgins v. Insurance Co. of N. America*, 256 Or 151, 171, 469 P2d 766 (1970) (the amount constituting a reasonable attorney fee is a question of fact). Thus, nothing in the plain language of ORS 36.425(2)(a) suggests that we limit the meaning of "all issues of law and fact" to exclude issues of law and fact pertaining to the award of attorney fees.

Defendant, nevertheless, urges that ORS 36.425(6) imposes that limitation. We disagree. ORS 36.425(6) provides, as pertinent:

"Within seven days after the filing of a decision and award * * * a party may file with the court and serve on the other parties to the arbitration *written exceptions directed solely to the award or denial of attorney fees or costs.* * * * A judge of the court shall decide the issue and enter a decision on

the award of attorney fees and costs. If the judge fails to enter a decision on the award within 20 days after the filing of the exceptions, the award of attorney fees and costs shall be considered affirmed. The filing of exceptions under this subsection does not constitute an appeal under subsection (2) of this section and does not affect the finality of the award in any way other than as specifically provided in this subsection."

(Emphasis added.) The plain language, thus, creates an expedited process to be used when "solely" the matter of attorney fees remains in dispute after arbitration. When the two paragraphs of ORS 36.425 are read together and both given effect, they describe alternative tracks for challenging an arbitration decision, depending on the scope of the challenge. If a party requests trial *de novo*, the circuit court will address "all issues of law and fact" including attorney fees; if a party does not want to revisit "all issues of law and fact," however, the party may file exceptions "solely" to the award of attorney fees or costs and obtain resolution within 20 days.

We emphasized this understanding that ORS 36.425(2)(a) and ORS 36.425(6) function as alternative tracks in *Deacon v. Gilbert*, 164 Or App 724, 995 P2d 557 (2000), in which we rejected a variation on the argument that defendant asserts. The defendant in *Deacon*, who wished to challenge only the arbitrator's award of attorney fees, filed exceptions under ORS 36.425(6). The plaintiff argued that the defendant's failure to request trial *de novo* under ORS 36.425(2)(a) precluded the challenge to fees. In rejecting the suggestion that a party must follow both the process of ORS 36.425(2)(a) and the process of ORS 36.425(6) to obtain a court determination of the arbitration fees issue, we explained that

"ORS 36.425 describes two distinct schemes or 'tracks' of finality and appealability: one for challenges to the arbitrator's *entire* award, including the substantive merits of that award, ORS 36.425(2)(a); and the other for attorney-fee related challenges *only*, ORS 36.425(6)."

*Deacon*, 164 Or App at 731 (emphases added).

In *Deacon*, that construction of the statute meant that the defendant, who wanted a court determination

"solely" of attorney fees, did not need to separately seek a court trial of "all issues of law and fact." That construction of the statute also explains why a party that wants a court determination of "all issues of law and fact" does not need to separately seek a court determination "solely" of attorney fees. As we emphasized in *Deacon*, "it makes no sense to require a party who wishes only to dispute attorney fees to litigate a full-dress trial *de novo* on the merits in order to obtain appealable review of a fee dispute." 164 Or App at 732. Similarly, it "makes no sense" to require a party that is requesting a trial *de novo* of "all issues of fact and law" to additionally file exceptions under a process available to "a party who wishes only to dispute attorney fees."

Three clues from the statutory context confirm that the legislature intended that a party's "appeal and request for a trial *de novo*" under ORS 36.425(2)(a) would put before the circuit court any dispute regarding attorney fees and that the exceptions process described in ORS 36.425(6) would serve as an independent and alternative track to put an attorney fee dispute before the circuit court. First, the expedited time line for resolving fee disputes under ORS 36.425(6) creates a process that cannot effectively resolve attorney fee disputes when a party has also requested a notice of appeal and request for trial *de novo*. A fee dispute can only be effectively resolved as part of the trial *de novo* process because, when a party files exceptions to an arbitrator's fee award under ORS 36.425(6), the court must decide the issue "within 20 days after the filing of the exceptions"—in other words, no later than 27 days from the date the arbitrator's decision was filed with the court. Yet whether a party is entitled to recover fees, and the reasonable amount of any recovery, often depends on the extent to which the party prevails on the merits of the claim or claims. And when a party also files a request for trial *de novo*—up to 20 days after the arbitrator's decision is filed—it is nearly impossible that the merits will have been decided, making the court's prompt resolution of the arbitration fee dispute, at best, conditional.

Second, the evolution of ORS 36.425 illustrates that the legislature did not intend to exclude disputes regarding

attorney fees from "all issues of law and fact" that are raised by a "notice of appeal and request for a trial *de novo*" under ORS 36.425(2)(a). Although the legislature first created the system of mandatory court-annexed arbitration in 1983, Or Laws 1983, ch 670, § 1, the legislature did not add the process for challenges "solely to the award or denial of attorney fees or costs" until 1995, Or Laws 1995, ch 618, § 14. Thus, until 1995, a request for trial *de novo* was the only mechanism for obtaining court determination of attorney fee issues decided by the arbitrator. *See, e.g., Treverton v. Arnold,* 118 Or App 461, 847 P2d 914 (1993) (defendant obtained jury determination of damages claim and court determination of attorney fees through request for trial *de novo* under ORS 36.425(2)(a)).

When the legislature added ORS 36.425(6), it made no change to the broad language of ORS 36.425(2)(a); a request for trial *de novo* continued to put before the circuit court "all issues of law and fact." Moreover, there is no indication in the language or history of the 1995 amendment that suggests the legislature intended to silently modify the scope of ORS 36.425(2)(a). The scope of that provision remains broad enough to cover issues of law or fact regarding the entitlement to attorney fees incurred during arbitration.

Finally, other changes that the legislature made to ORS 36.425 in 1995 fully explain why the legislature would adopt ORS 36.425(6) as an *alternative* process for a party wishing to dispute only the arbitrator's fee decision. In adopting Senate Bill 385, the 1995 legislature added a potentially significant deterrent to requests for trial *de novo* after court-annexed arbitration. Section 6 of the bill amended ORS 36.425 in several ways, including adding subsection (4), which provides that, if the party requesting trial *de novo* fails to improve its position, the party will be taxed at least a portion of the attorney fees incurred by the opposing party. Or Laws 1995, ch 618, § 14. This fee-shifting requirement applies even in cases for which the opposing party is not otherwise entitled to recover attorney fees under a contract or statute. ORS 36.425(4)(b).

The new risk inherent in a request for a full trial *de novo*, explains why the 1995 legislature would also add a

different process for parties that wish "solely" to challenge the arbitrator's attorney fee decision. At the same time, the legislature left unchanged the scope of a request for trial *de novo*—"all issues of law and fact." Thus, we construe ORS 36.425(6) as providing an *alternative* path to challenge the arbitrator's fee decision, when that is the *sole* challenge to the decision, because that construction most fully gives effect to both provisions. *See* ORS 174.010 (instructing courts to construe statutes so as to "give effect to all" provisions).[3] Plaintiff's request for a trial *de novo* under ORS 36.425(2)(a) encompassed "all issues of law and fact," including those regarding plaintiff's entitlement to attorney fees incurred during arbitration. Accordingly, we reverse and remand for the trial court to address the issue of attorney fees awarded by the arbitrator.

In her second assignment of error, plaintiff challenges the amount of fees that the trial court awarded for post-arbitration time. Plaintiff argues that the court's fee award must be reversed and remanded, because the trial court based that award in part on its conclusion that plaintiff failed to prevail on her challenge to the arbitrator's fee decision. We agree.

Reversed and remanded.

---

[3] Defendant relies on our statement in *Webster v. Harmon*, 205 Or App 196, 199, 134 P3d 1012 (2006), that "ORS 36.425(6), not ORCP 68 C(4), prescribes the procedure for objecting to attorney fee awards that are made by an arbitrator." The context of our statement in *Webster*, however, reveals that we did not consider or decide whether a party who requests trial *de novo* under ORS 36.425(2)(a) must also file exceptions to the attorney fee award under ORS 36.425(6). Rather, *Webster* addressed whether ORCP 68 C(4) governs the time for filing exceptions to an arbitrator for award.