Argued and submitted March 31, 2015, reversed and remanded
September 21, 2016

## CINTAS CORPORATION NO. 3,
dba Cintas Corporation,
a Nevada corporation,
*Plaintiff-Respondent,*

*v.*

## ART ERICKSON TIRE & AUTO, INC.,
an Oregon corporation,
dba Erickson Tire Factory,
*Defendant-Appellant.*

Clackamas County Circuit Court
CV12040725; A154995

383 P3d 290

Deryl K. Nielsen argued the cause for appellant. With him on the briefs was Deryl K. Nielsen, P.C.

Stephen G. Leatham argued the cause for respondent. With him on the brief was Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.*

---

\* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

**EGAN, J.**

Defendant appeals, challenging the trial court's grant of plaintiff's motion to strike the trial date and entry of judgment based on an arbitration award. Defendant contends that the trial court erred in denying his request for a trial *de novo* because ORS 36.425 gives defendant a statutory right to a trial *de novo* and defendant did not waive that right. We agree because the record does not support the trial court's finding that the parties agreed that arbitration would be binding arbitration as provided in the renewal agreement. Accordingly, we reverse and remand. Because we reverse on that basis, we do not reach defendant's other assignments of error.

The facts material to our disposition of this appeal are primarily procedural. Cintas Corporation No. 3 (plaintiff) provided rental and cleaning services for Art Erickson Tire & Auto, Inc. (defendant). Plaintiff and defendant had previously entered into and executed three rental service agreements. On March 30, 2011, a fourth agreement—a standard rental service agreement renewal—was signed by Mike Tappenbeck, plaintiff's employee, and Ray Briggs, defendant's manager. That renewal agreement included an agreement to submit any contract disputes to binding arbitration.[1] Thereafter, defendant canceled services with plaintiff, claiming that the renewal agreement was not valid.

On April 21, 2012, plaintiff filed a complaint in Clackamas County Circuit Court for money damages in the amount of $15,485.67 for breach of contract against defendant. Defendant answered raising affirmative defenses. Neither party mentioned the arbitration provision in the renewal agreement in their pleadings. However, because the alleged damages were less than $50,000, the trial court assigned the case to arbitration as required by ORS 36.405.

---

[1] The pertinent provision of the disputed contract provides:

"Any dispute or matter arising in connection with or relating to this agreement *shall be resolved by binding and final arbitration* under both the laws of the state where Customer is located and applicable federal laws providing for the enforcement of agreements to arbitrate disputes."

(Emphasis added.)

Prior to defendant filing its answer, the parties' counsel had discussed the possibility of using binding arbitration to settle the dispute. Plaintiff's counsel then wrote an email to defendant's counsel summarizing that conversation: "We are also both considering whether to proceed *via binding arbitration through the Clackamas County mandatory arbitration program* or through an outside agency such as USA&M (now known as ADR Support Services)." (Emphasis added.) However, the parties never revisited the issue discussed in the email.

The case proceeded to arbitration, and the arbitrator issued a written decision finding that "[p]laintiff and defendant entered into a contract on March 30, 2011, defendant breached the contract, and plaintiff is owed the amount specified in the liquidated damages provision in the contract."

Defendant timely filed a notice of appeal from the entered arbitration award and a request for a jury trial *de novo*. Plaintiff responded with a motion to strike the trial date, deny defendant's request for a trial *de novo*, and for entry of judgment based on the arbitration award. Plaintiff based its motion on the binding arbitration provision in the renewal agreement and the parties' counsels' prior discussion to consider binding arbitration.

At the hearing on its motion, plaintiff argued that "the parties clearly agreed to binding and final arbitration, and we've had an arbitration. * * * [D]efendant takes the position that the contract is invalid. That's really beside the point at this stage of the proceeding, though, because the arbitrator has upheld the contract." The trial court agreed with plaintiff and found that *"[t]here's an arbitration that says the contract is valid, the parties clearly agreed to binding arbitration, and I think that means binding arbitration.* You don't get to have another trial, a *de novo* trial, when the parties have agreed." (Emphasis added.) Based on that reasoning, the trial court granted plaintiff's motion to strike the trial date and enter judgment based on the arbitration award.

On appeal, defendant contends that the trial court erred because, among other things, ORS 36.425 gave defendant a statutory right to a jury trial and defendant had

not waived that right. To support that contention, defendant argues that "[t]here is no evidence that * * * defendant made a separate written agreement to arbitrate, or agreed to let the arbitrator's decision be binding and final, and to waive any right to appeal or request a jury trial." Defendant asserts that it is not bound by a "binding and final" arbitration clause in the disputed document "whose viability is in doubt and depends on whether the disputed document was validly formed and is enforceable."

Plaintiff responds that the trial court did not err in enforcing the arbitration award because "[t]he arbitrator found that the parties' March 30, 2011[,] 'standard rental service agreement renewal' was a valid and enforceable agreement," therefore, "all of [the] contract's provisions similarly became enforceable, including the provision that any dispute would be resolved by 'binding and final' arbitration."

Thus, the issue on appeal is whether the trial court erred when it denied defendant's request for a trial *de novo* following arbitration. For the reasons that follow, we agree that defendant is entitled to a trial *de novo* in the trial court.

We begin our analysis with the relevant arbitration statutes. ORS 36.405(1)(a) describes the matters that a trial court must refer to court-annexed arbitration. Among those matters are "civil action[s] in a circuit court where all parties have appeared" and "the only relief claimed is recovery of money or damages, and no party asserts a claim for money or general and special damages in an amount exceeding $50,000." ORS 36.405(1)(a).

ORS 36.425 permits a party to file a notice of appeal and request a trial *de novo* at the conclusion of an arbitration under ORS 36.400 to 36.425. ORS 36.425(2)(a) provides, as relevant:

> "Within 20 days after the filing of a decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial *de novo* of the action

in the court on all issues of law and fact. * * * After the filing of the written notice a trial *de novo* of the action shall be held. If the action is triable by right to a jury and a jury is demanded by a party having the right of trial by jury, the trial *de novo* shall include a jury."

If no notice of appeal and request for trial *de novo* is filed pursuant to ORS 36.425(2)(a), then "the court shall cause to be prepared and entered a judgment based on the arbitration decision and award. A judgment entered under this subsection may not be appealed." ORS 36.425(3). "Although a court that refers a case to court-annexed arbitration will always have the authority to conduct a trial *de novo* pursuant to ORS 36.425 at a party's request, the parties to the arbitration have the ability to waive their rights to seek such a trial *de novo*." *Woods and Woods*, 207 Or App 452, 461, 142 P3d 1072 (2006).

In this case, plaintiff brought a civil action against defendant for recovery of damages under $50,000 and the trial court ordered the case into arbitration as required by ORS 36.405. The record does not include any evidence that plaintiff was seeking to enforce the contractual arbitration provision in the disputed renewal agreement when it went into the arbitration program—indeed plaintiff filed its complaint in circuit court without any mention of that provision. *See Douglass v. Allstate Ins. Co.*, 152 Or App 216, 222, 953 P2d 770, *rev den*, 327 Or 305 (1998) (concluding that the plaintiff ordered into arbitration "did not 'elect' to pursue arbitration; rather, she was compelled to participate in arbitration as a consequence of her choice to pursue litigation"); *see also Koster Remodeling & Construction, Inc. v. Jataka*, 155 Or App 142, 146, 963 P2d 726 (1998) (plaintiff elected not to pursue private arbitration and filed a complaint, and the trial court concluded that "[t]he matter was transferred to arbitration not at plaintiff's election, but because the statute and local rules required arbitration of actions involving less than a specified amount of damages").

It was not until *after* the arbitrator found in favor of plaintiff and defendant filed a notice of appeal and request for trial *de novo* pursuant to the statute that plaintiff sought to enforce the binding arbitration provision in the renewal agreement. At that point it was simply too late. Plaintiff is

not entitled to forgo its contractual right to binding arbitration, succeed in statutory arbitration, and then seek to retroactively enforce that contractual right. Again, there is no evidence in the record to support the trial court's finding that the parties agreed that the arbitration would be a binding arbitration as provided in the renewal agreement. Plaintiff chose not to enforce the arbitration provision when it brought its complaint in the circuit court and the case was ordered into court-annexed arbitration under ORS 36.405, not under the renewal agreement's arbitration clause.

Under the mandatory arbitration statutes, defendant had the right to seek a trial *de novo* so long as defendant did not waive that right. *See Woods*, 207 Or App at 461 (concluding that parties to the court-annexed "arbitration have the ability to waive their rights to seek such a trial *de novo*"). Neither plaintiff nor defendant sought to enforce the disputed contractual arbitration provision before submitting to statutory court-annexed arbitration. Furthermore, plaintiff does not argue that defendant waived its right to seek a trial *de novo* under the statute. In any event, there is no evidence in the record that either party agreed to waive that statutory right.

In sum, nothing in the record indicates that defendant waived its right to seek a trial *de novo* as provided by ORS 36.425 following arbitration. Therefore, the trial court erred when it denied defendant's request for a trial *de novo*, granted plaintiff's motion to strike the trial date, and entered judgment based on the arbitration award.

Reversed and remanded.