582 May 13, 2026 No. 409

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Robert FISK,
*Plaintiff-Respondent,*
*v.*
Jolene JOHNSON,
*Defendant-Appellant.*

Jackson County Circuit Court
23CV40117; A187722

Timothy Barnack, Judge.

Submitted March 18, 2026.

Jolene Johnson filed the briefs *pro se*.

R. Grant Cook, Quentin T. Plese, and Cook-Law Firm filed the brief for respondent.

Before Tookey, Presiding Judge, Jacquot, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Reversed and remanded.

**KISTLER, S. J.**

Defendant appeals a judgment entered after mandatory court-annexed arbitration. She argues that she did not receive notice of the arbitration hearing and that that due process violation infected both the arbitration decision and the resulting judgment. We reverse and remand.

We take the facts from the trial court record. Plaintiff filed this action alleging that defendant wrongfully took his dog, Marty. Defendant, who was self-represented, answered alleging that Marty was her dog, not plaintiff's. The trial court assigned the case to mandatory court-annexed arbitration. *See* ORS 36.400 - 36.425 (establishing procedures for court-annexed arbitrations). The arbitration decision recites that the arbitrator set a date for the hearing and notified the parties of that date by first-class mail. Defendant did not appear. In defendant's absence, the arbitrator found that plaintiff had established a *prima facie* case and issued a decision and award in plaintiff's favor. The award gave plaintiff possession of Marty and ordered defendant to pay plaintiff approximately $8,000 in fees and damages.

The arbitrator filed the arbitration decision and award with the court on March 21, 2025. Five days later, defendant filed a motion to "appeal court decision."[1] In support of her motion, defendant stated under penalty of perjury, "I did not receive any notifications or mail of when my court date was. [T]herefore, I was not at the date of my hearing. I am asking for a new hearing." Defendant also summarized the evidence that she would have offered at the hearing. Plaintiff did not file a response to the motion.

On March 27, the trial court entered an order granting defendant's motion. Five days later, on its own motion, the court vacated its March 27 order and then denied defendant's motion to appeal the arbitration decision. The court did not explain why it denied the motion. It stated only that it had done so "[a]fter further review."

On April 11, the clerk's office notified the arbitrator and the parties that it had not received a judgment based on the arbitrator's decision and award filed more than

---

[1] We understand "court decision" to refer to the arbitration decision.

20 days earlier. The notice observed that, when no timely request for a trial *de novo* is received, a judgment should be entered based on the arbitrator's decision and award. *See* ORS 36.425(3); UTCR 13.240. Plaintiff also moved to enter a judgment based on the arbitrator's decision and award. On April 24, 2024, the court entered a judgment based on the decision and award. Defendant appeals that judgment.

Before turning to the parties' arguments on appeal, we briefly describe the statutory procedure that gives rise to the appeal. ORS 36.400 provides for mandatory referral of certain actions to court-annexed arbitration, subject to the exceptions noted in ORS 36.405. ORS 36.425(1) provides that, after notice and a hearing, the arbitrator shall file the arbitration decision and award with the court. A party who is aggrieved by the decision and award can file a "written notice of appeal and request for trial de novo in the court of all issues of law and fact" within 20 days after the decision and award is filed with the court. ORS 36.425(2)(a). If a timely written notice of appeal and request for trial *de novo* is filed, the party is automatically entitled to a trial *de novo*. *See* ORS 36.425(2)(a) (so stating); *Centas Corp. No. 3 v. Art Erickson Tire & Auto*, 281 Or App 201, 207, 383 P3d 290 (2016) (same). Conversely, "[i]f no written notice under [ORS 36.425(2)(a)] is filed within the 20 days prescribed," then the court shall enter "a judgment based on the arbitration decision and award. A judgment entered under this subsection may not be appealed." ORS 36.425(3).

On appeal, defendant assigns error to the trial court's ruling denying her motion to appeal and her request for a new hearing. In support of that assignment of error, she reiterates her due process claim. Ordinarily, we will not reach a constitutional claim if we can decide the claim on a subconstitutional ground. *See Leo v. Keisling*, 327 Or 556, 562, 964 P2d 1023 (1998) ("The parties present the single, constitutional question ***. However, it is well established that this court ordinarily does not decide constitutional issues if there is an adequate subconstitutional basis for decision."); *accord State v. Cox*, 336 Or 284, 294, 82 P3d 619 (2003). In this case, ORS 36.425(2)(a) provides a statutory ground for resolving the constitutional claim that defendant

raises on appeal. We accordingly consider that statutory ground first.

As noted, within 20 days after the arbitrator filed the decision and award with the court, defendant filed a written motion to "appeal court decision" and requested a new hearing. In our view, the trial court should have treated defendant's motion as a "written notice of appeal and request for trial de novo" under ORS 36.425(2)(a). It is true, as plaintiff argues on appeal, that defendant's motion did not track the terms of ORS 36.425(2)(a) verbatim. However, her motion for an appeal and a request for a new hearing sought the very relief that ORS 36.425(2)(a) grants. It is also true that defendant asserted a reason—the absence of notice—for her request when ORS 36.425(2)(a) provides for a trial *de novo* whenever a party files a timely written request for one. But the fact that defendant provided more justification than the statute requires hardly provides a reason to deny her the relief that ORS 36.425(2)(a) grants. The trial court erred in not granting defendant a trial *de novo* under ORS 36.425 (2)(a).

Plaintiff, however, identifies two reasons why we should nonetheless affirm the trial court's judgment. He suggests initially that defendant did not preserve her objection to the court's ruling because she failed to renew her request for a new hearing in response to his motion to enter judgment based on the pleadings. However, the trial court had already denied her request for a new hearing, and the Oregon Supreme Court has observed that a party "does not have to walk over any more legal coals to protect the record after first stating the ground of the objection." *State v. Milbradt*, 305 Or 621, 630, 756 P2d 620 (1988). That reasoning applies equally here.

Additionally, plaintiff argues that, because the trial court entered judgment based on the arbitration decision and award, ORS 36.425(3) provides a complete bar to defendant's appeal. At first blush, plaintiff's argument appears to have merit. *See* ORS 36.425(3) (providing that a judgment based on a court-annexed arbitration decision and award "may not be appealed"). We have held that a judgment based on a court-annexed arbitration decision and award is "generally

not appealable." *Mathis v. St. Helens Auto Center, Inc.*, 298 Or App 647, 652, 447 P3d 490 (2019), *rev'd on other grounds*, 367 Or 437, 478 P3d 946 (2020)[2]; *see Deacon v. Gilbert*, 164 Or App 724, 726, 995 P2d 557 (2000) (same). The judgment, however, may be appealed on limited grounds. *Mathis*, 298 Or App at 652; *Deacon*, 164 Or App at 726.

In *Mathis*, the appellant filed an exception to the arbitrator's attorney fee award under ORS 36.425(6), which required the trial court to decide the exception and enter a post-arbitration ruling based on that decision. That trial court ruling was embodied in the judgment along with the arbitration decision and award. Following our decision in *Deacon*, we explained that ORS 36.245(3) does not bar an appeal that challenges only the trial court's post-arbitration ruling on attorney fees under ORS 36.245(6). *Mathis*, 298 Or App at 652.

The same reasoning applies in these circumstances. By its terms, ORS 36.425(2)(a) entitled defendant to a trial *de novo* if she filed a timely written notice of appeal and request for a trial *de novo*, which she did. When the trial court erroneously denied defendant's statutorily based request, she could appeal the trial court's post-arbitration decision for the same reasons that the parties in *Mathis* and *Deacon* could appeal the post-arbitration decisions in those cases. *Cf. Centas Corp.*, 281 Or App at 207 (reversing, without expressly addressing ORS 36.425(3), the trial court's judgment based on an arbitration decision and award because the trial court erroneously failed to give effect to the party's timely written notice of appeal and request for trial *de novo*).

Reversed and remanded.

---

[2] In *Mathis*, the Supreme Court reached the merits of the fee dispute raised on appeal and review. Not only did the court not question our holding that ORS 36.425(3) does not pose a complete bar to an appeal from a judgment based on an arbitration decision and award, but the court presumably would not have reached the fee dispute if it shared plaintiff's absolute view of ORS 36.425(3). Instead, it would simply have vacated our decision.